ACCEPTED
141400515CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/13/2015 5:20:15 PM
CHRISTOPHER PRINE
CLERK

## CASE NO. 14-14-00515-CV

_____

### IN THE FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/13/2015 5:20:15 PM
CHRISTOPHER A. PRINE
Clerk

### HOUSTON TEXAS

_____

### VALENTINA SPASSOVA SHESHTAWY, Appellant

### v.

### MICHAEL FUQUA, ADMINISTRATOR OF THE ESTATE OF ADEL SHESHTAWY, DECEASED, Appellant

_____

### On Appeal from Probate Court Number One
### Harris County, Texas
### Probate Court Cause No. 407,499-406

_____

### APPELLEE'S AMENDED BRIEF
### WITH CITATIONS TO SECOND SUPPLEMENTAL CLERK'S RECORD

_____

Michael L. Fuqua, Attorney at Law
Lead Counsel
Fuqua & Associates, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277 - Telephone
(713) 960-1064 - Facsimile
mlfuqua@fuqualegal.com
Attorney for Appellee
Michael L. Fuqua, Temporary Administrator
of the Estate of Adel Sheshtawy, Deceased

**ORAL ARGUMENT REQUESTED**

## <u>IDENTITY OF PARTIES</u>

Appellant incorrectly identified the Appellee in her Appellant's Brief as Michael Fuqua, an attorney with Fuqua & Associates, P.C.

Appellee is Michael Fuqua, in his capacity as Temporary Administrator of the *Estate of Adel Sheshtawy, Deceased*; Cause Number 407,499; Probate Court Number One of Harris County, Texas.

# TABLE OF CONTENTS

Identity of Parties..................................................................................i

Table of Contents...............................................................................ii

Index of Authorities...........................................................................iv

Statement of the Case.......................................................................vii

Statement Regarding Oral Argument..................................................x

Issue Presented...................................................................................xi

Statement of Facts...............................................................................1

      Base Proceeding ...........................................................................1
      Valentina's Common Law Marriage Suit .....................................1
      Settlement of Common Law Marriage Suit ..................................2
      Temporary Administrator's Efforts to Sell Property ....................4
      Valentina's Efforts to Set Aside Settlement Agreement
      and Prevent Sale of Property........................................................4
      Valentina's Ex Parte Relief ..........................................................5
      Trial Court Dismisses Valentina's Injunction Suit
      as Baseless Cause of Action ........................................................6

Summary of the Argument....................................................................7

      Trial Court Properly Dismissed Appellant's Proceeding
      as Baseless Cause of Action.........................................................7

Argument and Authorities....................................................................9

I.     The trial court properly dismissed Appellant's
       proceeding as a baseless cause of action
       pursuant to TEX.R.CIV.P. 91a....................................................9

Standard of Review ...............................................................9
Valentina did not Preserve Her Issues for Appeal.......................9
Valentina's Claims Have No Basis in Law..................................10

A.    The Settlement Agreement is Enforceable.........................11
Valentina's Representations and Warranties......................11
Valentina Released All Claims.........................................14
Settlement Agreement Required Sale of Homestead.........15
Valentina Signed the Settlement Agreement......................15
Public Policy Protects Freedom to Contract......................16
No Allegation of Fraud, Misrepresentation or Deceit........18
Valentina Accepted Consideration and Cannot
Rescind the Contract.......................................................18
Valentina Waived Homestead Rights................................19

B.    Valentina's Purported Homestead Rights..........................21
Hanya, Nader and Lily are Adel's Sole Heirs....................21

C.    Lily's Homestead Rights.................................................22
Trial Court's Authority to Appoint
Lily's Attorney ad Litem.................................................22

Prayer.................................................................................24

Certificate of Service............................................................25

Certificate of Compliance. ....................................................26

Appellee's Restated Appendix with Citations to
Second Supplemental Clerk's Record.......................................27

# INDEX OF AUTHORITIES

## Cases

*American Mannex Corp. v. Huffstutler,*
328 F.2d 449, 455 (5th Cir. 1964)..............................................................18

*Amouri v. Sw. Toyota, Inc.*, 20 S.W.3d 165, 169 n.2
(Tex.App. – Texarkana 2000, pet. denied)...................................................17

*ASI Tech., Inc. v. Johnson Equip. Co.*, 75 S.W.3d 545,
548 (Tex.App. – San Antonio 2002, pet. denied).......................................16-17, 20

*Austin Bridge Company, et al. v. State of Texas,*
427 S.W.2d 925 (Tex.App. – Austin 1968, writ ref'd n.r.e. )................................17

*Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 8436
(Tex.App. – Houston [14[th] Dist.] 1996, writ denied)........................................17, 19

*Crutchfield v. Associates Investment Company,*
376 S.W.2d 957, 959 (Tex.App. – Dallas 1964, writ ref'd.)..................................17

*De Ayla v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)............................................21

*Ferguson v. Ferguson,* 111 S.W.3d 589, 598
(Tex.App. – Fort Worth, 2003, pet. denied)...................................................20

*Guerrero v. Hagco Building Systems, Inc.*, 733 S.W.2d 635, 638
(Tex.App. – San Antonio 1987, no writ)......................................................18

*Hunter v. Clark,* 687 S.W.2d 811, 815
(Tex.App. – San Antonio 1985, no writ)......................................................20

*In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209
(Tex.App. – El Paso 2004, orig. proceeding)............................................16

*In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005)................................18
+
*Kennedy v. Texas Employers Ins. Ass'n*,
121 S.W.2d 434 (Tex.Civ.App. – Dallas 1938, aff'd)..............................18

*Lawrence v. CDB Servs., Inc.*, 44 S.W.3d 544, 553 (Tex. 2001)...........16

*Litoff v. Jackson*, 742 S.W.2d 788, 789
(Tex.App. – San Antonio 1987, no writ)............................................9, 10

*North East Independent School District v.*
*Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966)......................................9-10

*Parr v. White,* 543 S.W.2d 445 (Tex.Civ.App. – Corpus
Christi 1976, writ ref'd n.r.e.)...............................................................1

*Sedona Contracting, Inc. v. Ford, Powell & Carson, Inc.*,
995 S.W.2d 192, 195 (Tex.App. – San Antonio 1999, pet. denied)......................20

*Thomas v. Mandell & Wright*, 433 S.W.2d 218, 228
(Tex.Civ.App. – Houston [1st Dist.] 1968)................................................16

*United States Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,*
464 S.W.2d 353, 357 (Tex. 1971)................................................................20

*Williams v. Williams,* 569 S.W.2d 867, 870 (Tex. 1978)....................................20

*Wooley v. Schaffer*, WL 3955111 (Tex.App. – Houston
[14th Dist.] 2014)...............................................................................9

## Texas Constitution

VERNON'S ANN. TEXAS CONST. ART. 16, §52...................................................20

## Statutes and Rules

TEX. EST. CODE § 31.001.................................................................23

TEX. EST. CODE § 31.002.................................................................23

TEX. EST. CODE § 53.104(a)..........................................................22

TEX. EST. CODE § 102.003.............................................................20

TEX. EST. CODE § 202.202.............................................................21


TEX. PROB. CODE § 3(bb)..............................................................23

TEX. PROB. CODE § 4B...................................................................23

TEX. PROB. CODE § 34A.................................................................22

TEX. PROB. CODE § 283.................................................................20


TEX.R.CIV.P. 91a..............................................ii, vii, xi, 6, 9, 24

TEX.R.CIV.P. 91a.1.......................................................9, 22

TEX.R.CIV.P. 91a.2.........................................................9

TEX.R.CIV.P. 91a.3.......................................................viii


TEX.R.APP.P. 9.4(i)(3)..................................................26

TEX.R.APP.P. 9.5...........................................................25

TEX.R.APP.P. 25.1.........................................................21

TEX.R.APP.P.26.1.........................................................10

# STATEMENT OF THE CASE

This is an appeal of the dismissal of a baseless cause of action under TEX.R.CIV.P. 91a. *ROA, p. 408.* Although seemingly uncomplicated on its face, the order appealed from arises from a procedurally entangled probate proceeding.[1]

Appellant's underlying proceeding for injunctive relief is the sixth sub-docketed suit within the probate proceeding concerning the Estate of Adel Sheshtawy, Deceased.[2] *ROA, p. 7.* The first sub-docketed suit involves Appellant's declaratory action to establish her status as decedent's common law spouse.[3] *Appellee's Appendix, Item 6; Second Supplemental Clerk's Record, pp. 11-22*[4]. Appellant's common law marriage suit was resolved by a Rule 11 and Final Settlement Agreement (the "Settlement Agreement") approved by the trial court July 17, 2013. *Appellee's Appendix, Item 3; ROA, pp. 32, 39-41, 124.*

---

[1]Cause No. 407,499; *Estate of Adel Sheshtawy, Deceased;* Probate Court Number One of Harris County, Texas is the base probate proceeding *("Base Proceeding");* related proceedings were filed under sub-docket numbers Cause No. 407,499-401 through 407,499-407.

[2]Cause No. 407, 499-406; *Estate of Adel Sheshtawy, Deceased;* Probate Court Number One of Harris County, Texas *(Valentina's Injunction Suit")*.

[3]Cause No. 407, 499-401; Estate of Adel Sheshtawy, Deceased; Probate Court Number One of Harris County, Texas *("Valentina's Common Law Marriage Suit").*

[4]The Second Supplemental Clerk's Record is referred to herein as *"S.S.C.R."*

On January 15, 2014, Valentina moved to set aside the order approving the settlement agreement in the common law marriage action. *ROA, p. 140.* The trial court denied the motion on January 30, 2014. *ROA, p.163.* No appeal was taken.

In the base proceeding, Decedent's three children were declared the decedent's sole lawful heirs. *Appellee's Appendix, Item 5; S.S.C.R., pp. 7-10.* The trial court found that Decedent was not married at the time of his death. *Appellee's Appendix, Item 5; S.S.C.R., pp. 7-10.* No appeal of the heirship judgment was taken.

In her most recent proceeding,[5] Valentina seeks injunctive relief to prevent the sale of the property despite her contractual obligation to sell it. *ROA, p. 7.*

In response to Valentina's Injunction Action, Appellee ("Temporary Administrator") asserted affirmative defenses including release, waiver, estoppel and res judicata. *ROA, pp. 99-100.*

Temporary Administrator timely moved to dismiss Valentina's suit for injunctive relief as a baseless cause of action. TEX.R.CIV.P. 91a.3; *ROA, p. 398.* The trial court granted the motion to dismiss. *ROA, p. 406.*

---

[5]Appellant filed her original petition for injunctive relief in the 165th District Court of Harris County, Texas on April 30, 2014. *ROA, p. 7.* The District Court granted Appellant an *ex parte* TRO on April 30, 2014. *ROA, p. 17.* The proceeding was transferred to Probate Court Number One of Harris County, Texas under Cause Number **407,499-406** by order of the probate court on May 9, 2014. *ROA, p. 20.*

This appeal followed. *ROA, p. 408.*

## STATEMENT REGARDING ORAL ARGUMENT

Appellee requests oral argument with respect to the issues presented if the

Court desires an expansion of this written presentation.

# ISSUE PRESENTED

**ISSUE 1**

Whether the trial court properly dismissed Appellant's proceeding as a baseless cause of action pursuant to TEX.R.CIV.P. 91a.

## STATEMENT OF FACTS

Appellee objects to Appellant's statement of facts.

## Base Proceeding

On August 8, 2011, Adel Sheshtawy ("Adel") passed away. On September 7, 2011, an application to probate Adel's will was filed in Probate Court Number One of Harris County, Texas.[6] Upon his death, the divorce proceeding between Adel and Appellant ("Valentina") pending in the family court was dismissed for want of jurisdiction.[7] The family court's interlocutory order finding that a common law marriage existed between Adel and Valentina became void upon Adel's death.[8]

## Valentina's Common Law Marriage Suit

On November 14, 2011, Valentina filed a petition in the trial court seeking a declaratory judgment that she was Adel's common law spouse and that Adel was

---

[6]Cause No. **407,499**; *In the Estate of Adel Sheshtawy, Deceased;* Probate Court Number One of Harris County, Texas (referred to herein as the ***"Base Proceeding"***).

[7]The death of a spouse while divorce was pending relieved the district court of jurisdiction. *Parr v. White,* 543 S.W.2d 445 (Tex.Civ.App. – Corpus Christi 1976, writ ref'd n.r.e.).

[8]Cause No. 2010-48274; *In the Matter of the Marriage of Valentina Spassova Sheshtawy and Adel A. Sheshtawy, and in the Interest of Lily Alexandra Sheshtawy, a Child;* In the 247th District Court of Harris County, Texas *(the "Divorce Suit")*.

the father of Valentina's minor child, Lily Sheshtawy ("Lily").[9]  *Appellee's Appendix, Item 6; S.S.C.R., pp. 11-22.*

On January 16, 2013, Adel's two adult children Nader Sheshtawy ("Nader") and Hanya Sustache ("Hanya") filed their answer and counterclaim to Valentina's common law marriage suit.  *Appellee's Appendix, Item 7; S.S.C.R., pp. 23-34.*  On February 28, 2013, the trial court appointed an attorney ad litem to represent Lily's interests in that suit.  *Appellee's Appendix, Item 8; S.S.C.R., pp. 35-36.*

### Settlement of Valentina's Common Law Marriage Suit

On May 28, 2013, Valentina, Lily, Nader and Hanya entered into a Rule 11 and Final Settlement Agreement (the "Settlement Agreement") in Valentina's common law marriage suit.  *Appellee's Appendix, Item 3; ROA, pp. 32-41.*  The settlement agreement provided that the property would be sold, Valentina would receive a portion of the sales proceeds, and another portion of sales proceeds would be used to acquire Lily's new homestead.  *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

---

[9]Cause No. **407,499 - 401**; *In the Estate of Adel Sheshtawy, Deceased; Valentina Spassova Tasseva Sheshtawy vs. Adel Sheshtawy, et al.*; Probate Court Number One of Harris County, Texas (referred to herein as ***"Valentina's Common Law Marriage Suit"***).

Valentina has been represented by multiple attorneys since 2011 to assert and defend her rights and purported status as Adel's common law spouse.[10] Valentina was represented by counsel when she negotiated and signed the settlement agreement. *Appellee's Appendix, Item 3; ROA, pp. 32, 36.* Valentina's minor child was represented by her attorney ad litem, who also signed the settlement agreement. *Appellee's Appendix, Item 3; ROA, pp. 32, 36, 39.*

Before signing the settlement agreement, neither Valentina nor Lily requested the homestead to be set aside. Likewise, neither objected to the trial court's order approving family allowance or its order approving Temporary Administrator's preliminary inventory for failure to set aside the property as their homestead.

The attorney ad litem expressly approved the terms of the settlement agreement as being in Lily's best interest. *Appellee's Appendix, Item 4; ROA, pp. 124-126.* The trial court found the settlement agreement to be in Lily's best interest and approved it. *ROA, pp. 124-126.*

---

[10]Attorney Ellen Yarrell in the Divorce Suit; Attorneys Aaron Pool and Misty McDonald in the Base Proceeding and Common Law Marriage Suit; McDonald Worley in the Common Law Marriage Suit; John Elliott in the Base Proceeding and Common Law Marriage Suit; Peter Bennett in Cause No. 2014-53073; *Valentina Sheshtawy v. McDonald S. Worley;* 189th District Court of Harris County, Texas *("Valentina's Malpractice Suit").*

**Temporary Administrator's Efforts to Sell the Property**

On October 14, 2013, Temporary Administrator filed his application to sell the property. *Appellee's Appendix, Item 11; S.S.C.R., pp. 43-55.* Valentina and Lily received notice of the application and the hearing date set for the trial court's consideration thereof. *Appellee's Appendix, Item 12; S.S.C.R., pp. 56-57.*

Neither Valentina nor Lily objected to Temporary Administrator's application to sell the property. On October 31, 2013, the trial court entered an order approving the sale of the property. *Appellee's Appendix, Item 13; S.S.C.R., pp. 58-60; ROA, p. 43.*

Temporary Administrator entered a contract for sale of the property on December 11, 2013. *ROA, pp 165, 172.*

**Valentina's Efforts to Set Aside**
**Settlement Agreement and Prevent Sale of Property**

On January 10, 2014, Valentina filed a motion for rehearing and to set aside the order of sale of the property in the base proceeding. *Appellee's Appendix, Item 14; S.S.C.R., pp. 61-75.* The trial court did not sign Valentina's proposed order.

On January 15, 2014, Valentina filed a motion for rehearing and to void settlement agreement in Valentina's common law marriage suit. *ROA, p. 47.* On January 30, 2014, the trial court denied the motion and found that Valentina, as

next friend of Lily, had no standing to challenge the settlement agreement. *ROA, pp. 71-72*.

On February 10, 2014, Nader and Hanya filed a motion to show authority in the base proceeding asking the trial court to require Valentina's attorneys to appear and defend their authority to act on behalf of Lily, whose interests were already represented by a guardian of her estate appointed by the trial court. *Appellee's Appendix, Item 15; S.S.C.R., pp. 76-79*.

On March 3, 2014, the trial court granted Nader and Hanya's motion to show authority and ordered that any pleadings purportedly filed in the base proceeding on behalf of Lily by and through her next friend, Valentina, were stricken. *Appellee's Appendix, Item 16; S.S.C.R., pp. 80-81*.  Among the stricken pleadings was Valentina's motion for rehearing and to set aside the order of sale of the property. *ROA, p. 47*.

### Valentina's Ex Parte Relief

Undeterred, on April 30, 2014 Valentina obtained an *ex parte* temporary restraining order from the 165th Harris County district court to prevent the sale of the property. *ROA, p. 17*.  On May 9, 2014, Valentina's injunction suit was transferred to the trial court. *ROA, p. 20*.  On the same day, Valentina filed a homestead affidavit and lis pendens against the property. *ROA, pp. 213, 205*.

On May 16, 2014, the trial court denied the petition for temporary injunction and adjudged that the temporary restraining order dated April 30, 2014 had expired as a matter of law. *ROA, p. 93.*

**Trial Court Dismisses Valentina's Injunction Suit as Baseless**

In response to Valentina's injunction suit, Temporary Administrator asserted affirmative defenses including waiver, release, estoppel and *res judicata.* *ROA, p. 99, 100.* On May 23, 2014, Temporary Administrator moved to dismiss Valentina's injunction suit as a baseless cause of action pursuant to TEX.R.CIV.P. 91a. *ROA, pp. 398-405.* The trial court granted the motion on June 23, 2014. *ROA, p. 406-407.*

This appeal followed. *ROA, p. 408.*

# SUMMARY OF ARGUMENT

**ISSUE 1**     **The trial court properly dismissed Appellant's proceeding for injunctive relief as a baseless cause of action.**

Valentina failed to perfect an appeal of the trial court order approving the settlement agreement. Therefore, the issue is not properly before this court. Moreover, Valentina's action has no basis in law because her allegations for injunctive relief, together with inferences reasonably drawn from them, do not entitle her to the relief sought.

When Valentina entered into the settlement agreement, she understood and agreed the property she and her daughter were residing in would be sold and she would receive $100,000 from the sales proceeds. Valentina affirmatively settled and released the claims she now brings as part of the settlement agreement. By accepting consideration pursuant to the settlement agreement, Valentina ratified the contract and is estopped from injunctive relief to prevent its enforcement.

Lily's interests were properly represented by the court appointed attorney ad litem and Valentina has no standing to bring the petition for injunctive relief.

Valentina waived any homestead rights she may have had when she agreed that Nader, Hanya and Lily were Adel's sole heirs. Valentina failed to appeal the final judgment declaring heirship in which the trial court found that Adel was not married at the time of his death; therefore, this issue has not been preserved for appeal.

## ARGUMENTS AND AUTHORITIES

**ISSUE 1      The trial court properly dismissed Valentina's proceeding as a baseless cause of action**.

### Standard of Review : *De Novo* Review

Whether a trial court properly dismissed a proceeding as a baseless cause of action pursuant to TEX.R.CIV.P. 91a is reviewable *de novo* by the appellate court. *Wooley v. Schaffer*, WL 3955111 (Tex.App. – Houston [14th Dist.] 2014).

A party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  TEX.R.CIV.P. 91a.  Temporary Administrator's motion to dismiss was made pursuant to the rule, identified each cause of action and stated the specific reasons Valentina's cause of action had no basis in law. TEX.R.CIV.P. 91a.2.  *ROA, p. 398.*  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  TEX.R.CIV.P. 91a.1.

### Valentina Did Not Preserve Her Issues for Appeal

A judgment is final and appealable if it disposes of all parties and issues. *Litoff v. Jackson*, 742 S.W.2d 788, 789 (Tex.App. – San Antonio 1987, no writ) (citing *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895

(Tex. 1966)).   The trial court's order approving the settlement agreement disposed of all parties and issues with respect to Valentina's common law marriage suit and constitutes a final, appealable judgment.   *Appellee's Appendix, Item 4; ROA, pp. 124-126;  Litoff v. Jackson,* 742 S.W.2d 788, 789 (Tex.App. – San Antonio 1987, no writ).

The trial court's order approving the settlement agreement was signed on July 17, 2013.  *Appellee's Appendix, Item 4; ROA, pp.  124-126.*  Valentina did not file a notice of appeal of the trial court's order.  Therefore, she has not timely perfected an appeal as to whether the settlement agreement is revocable and it is not properly before this court.  TEX.R.APP.P. 26.1.

If this court determines Valentina has preserved error for appeal, then the trial court's order should be affirmed because the lower court properly dismissed Valentina's injunction suit as having no basis in law.

**Valentina's Claims have No Basis in Law**

Valentina's petition for injunctive relief seeks to prevent the sale of the property on three grounds:

1) ***The Settlement Agreement is Unenforceable.***  Valentina's attorney gave her poor advice causing her to sign a grossly unfair settlement agreement. Valentina did not intend to waive her homestead rights when she signed the settlement agreement.

2) ***Valentina's Homestead Rights***.   As the purported common law spouse of Adel, Valentina enjoys homestead protection afforded by the Texas Constitution; the trial court erred by failing to set aside the property as the homestead of Valentina and Lily.

3) ***Lily's Homestead Rights***.   Lily's attorney ad litem did not have authority to sign the settlement agreement requiring the sale of her homestead nor did Temporary Administrator have authority to sell it.

*ROA, pp. 7-10.*

## A.  The Settlement Agreement is Enforceable

The settlement agreement identified the property as "the property commonly known as 12206 Cabo Blanco Court, Houston, Texas 77041."   *Appellee's Appendix, Item 3; ROA, pp. 32, 33.*  Valentina voluntarily agreed that the property would be sold and she would receive $100,000 from the sales proceeds. *Appellee's Appendix, Item 3; ROA, pp. 32, 34.*  Valentina agreed that she and Lily would reside in the property until its sale, cooperate to expedite the sale and execute documents as necessary at closing.  *Appellee's Appendix, Item 3; ROA, pp. 32, 35.*

## Valentina's Representations and Warranties

The settlement agreement included the following representations and warranties by Valentina.  *Appellee's Appendix, Item 3; ROA, pp. 32, 36-37.*

**The Settlement Agreement was Binding**.

vi)    the terms and provisions of this Agreement are valid, binding and enforceable as against himself or herself, any such Party's successors and affiliates. *Section 3.4 (vi); Section 3.5 (a).*

**Valentina was represented by Counsel**.

vi)    that he or she is adequately represented by competent counsel of his or her choosing in connection with the execution and delivery of this Agreement and in any and all matters relating thereto, or has voluntarily waived such right to seek the advice of a legal advisor. *Section 3.4(viii)*

**Donald Worley solely represented Valentina.**

x)    that Donald Worley, solely represents Valentina and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party. *Section 3.4(x)*

**Cameron McCulloch, Jr. solely represented Lily**.

xi)    that Cameron McCulloch, Jr., solely represents Lily and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party. *Section 3.4(xi)*

**Each Party Relied Upon His Own Judgment and Advice of Counsel.**

xii)    that in executing this Agreement, each Party has relied upon his or her own judgment and the advice of his or her own attorneys, and further, that he or she has not been induced to

sign this Agreement by promises, agreements or representations not expressly stated herein, and he or she has freely and willingly executed this Agreement and expressly disclaims reliance upon any facts, promises, undertakings, or representations made by any other Party, or by such Party's Affiliates . *Section 3.4(xii)*

**Consent was not procured, obtained or induced by improper conduct, undue influence or duress.**

xiii) that the consent of such Party to this Agreement was not procured, obtained or induced by improper conduct, undue influence or duress. *Section 3.4(xiii)*

**Each Party made an Informed Consent.**

xiv) that such Party has knowledge of all relevant and material information and facts and has been fully informed, including by advice of counsel, concerning the existence of potential Claims ... in order for him or her to make an informed and considered decision to enter into the Agreement, and/or specifically and after advice of counsel is waiving any right to obtain or demand same. *Section 3.4(xiv)*

**No Party was in Disparate Bargaining Position.**

xv) that he or she is not in a significantly disparate bargaining position with regard to any other Party. *Section 3.4(xv)*

Moreover, Valentina agreed it was a final agreement and waived claims of fraudulent inducement. *Appellee's Appendix, Item 3; ROA, pp. 32, 38.*

Section 3.5 (k) provides:

THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES HERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF

PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL OR WRITTEN AGREEMENTS BETWEEN OR AMONG ONE OR MORE OF THE PARTIES HERETO. EACH PARTY WAIVES ANY CLAIMS THAT HE OR SHE WAS FRAUDULENTLY INDUCED TO ENTER INTO THIS AGREEMENT.

**Valentina Released all Claims**

Valentina released all claims she had to Adel's estate, specifically including the property. The settlement agreement provided:

> f.     The Parties acknowledge and agree that this Agreement is intended to settle all Claims by Valentina to Adel's Estate and/or against Nader and/or Hanya including to any assets of Adel's Estate, ***the Cabo Blanco Property,*** any companies and/or assets of any of them. ***An heirship will be entered determining Hanya, Nader and Lily as Adel's sole heirs***.

*Appellee's Appendix, Item 3; ROA, pp. 32, 35* (emphasis added).

"Claims" is defined to include:

> "... and any other ground, whether or not asserted, which any person, has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of this Agreement relating to Nader, Hanya, the Lawsuit, Adel's Estate, ***including any claims of common law marriage,*** save and except warranties and representations under this Agreement. THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW."

*Appellee's Appendix, Item 3; ROA, pp. 32, 33*. (emphasis added).

Because Valentina waived any right or claim concerning the property and agreed that Hanya, Nader and Lily were Adel's sole heirs at law, the trial court properly dismissed Valentina's injunction suit as having no basis in law.

**Settlement Agreement Required Sale of Homestead**

The Settlement Agreement authorized and directed the sale of the property in issue to fund a majority of the cash payment to Valentina. *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.* Valentina agreed to accept $145,000 in full and final settlement of all claims which were or could have been brought relating to ***Valentina's common law marriage suit, Adel's Estate, the residential real property located at 12206 Cabo Blanco Lane,*** or Adel's two adult children, Nader and Hanya. *Appellee's Appendix, Item 3; ROA, pp. 32-35 (Emphasis added).*

The Settlement Agreement provided that the property would be sold and Valentina would receive a cash payment of $100,000 from the sales proceeds at closing. *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

**Valentina Signed the Agreement**

Valentina signed the agreement. *Appellee's Appendix, Item 3; ROA, pp. 32, 39.* Valentina's attorney signed the order approving the settlement agreement. *Appellee's Appendix, Item 4; ROA, pp. 124, 126.*

Further, Valentina judicially admitted that, upon advice of counsel, she

signed the agreement by which her house would be sold:

> "On May 28, 2013, Valentina was advised, by her attorney at the
> time, to sign a settlement agreement giving Cameron McCulloch, as
> Attorney ad litem for Lily, the ability to sell the house as 12206 Cabo
> Blanco Court." *ROA, pp. 7,8.*

The presence or absence of signatures on a written contract is relevant to

determining whether the parties are bound by the contract. *In re Bunzl USA, Inc.*,

155 S.W.3d 202, 209 (Tex.App. – El Paso 2004, orig. proceeding). A party's

signature on a contract is strong evidence that the party unconditionally assented

to its terms. *Id*.

**Public Policy Protects Freedom to Contract**

There is a strong public policy to preserve freedom of contract. *Lawrence v.

CDB Servs., Inc.*, 44 S.W.3d 544, 553 (Tex. 2001). It is generally recognized that

parties dealing at arms length have a wide discretion as to the terms of the contract

into which they may wish to enter. *Thomas v. Mandell & Wright*, 433 S.W.2d

218, 228 (Tex.Civ.App. – Houston [1st Dist.] 1968), *rev'd on other grounds*, 441

S.W.2d 841 (Tex. 1969).

Parties are entitled to select the terms and provisions they want included in a

contract before signing it. *ASI Tech., Inc. v. Johnson Equip. Co.*, 75 S.W.3d 545,

548 (Tex.App. – San Antonio 2002, pet. denied). "In short, parties strike the deal they choose and, thus, voluntarily bind themselves in the manner they choose." *Id*.

The general rule is that every person who has the capacity to enter into a contract is held to know what words were used in the contract, to know their meaning, and to understand their legal effect. *Amouri v. Sw. Toyota, Inc.*, 20 S.W.3d 165, 169 n.2 (Tex.App. – Texarkana 2000, pet. denied). The consequence of this rule is that a party to a contract may not successfully claim that he believed the provisions of the contract were different from those plainly set out in the agreement or that he did not understand the meaning of the language used. *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 8436 (Tex.App. – Houston [14th Dist.] 1996, writ denied).

It is not for a reviewing court to determine why the parties contracted as they did. *Austin Bridge Company, et al. v. State of Texas*, 427 S.W.2d 925 (Tex.App. – Austin 1968, writ ref'd n.r.e. ). Public policy "permits the utmost freedom of contract between parties of full age and competent understanding and requires that their contracts when freely and voluntarily entered into, shall be held sacred and enforced by the courts ..." *Crutchfield v. Associates Investment Company,* 376 S.W.2d 957, 959 (Tex.App. – Dallas 1964, writ ref'd.).

**No Allegation of Fraud, Collusion or Misrepresentation**

Valentina's pleading did not raise any allegation or evidence of fraud, collusion or misrepresentation. *ROA, pp. 7-10*. Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contact he signed, regardless of whether he reads it or believed it had different terms. *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005).

**Valentina Accepted Consideration and Cannot Rescind the Contract**

Texas law provides that the right to rescind a contract is waived by the retention of consideration. *Guerrero v. Hagco Building Systems, Inc.*, 733 S.W.2d 635, 638 (Tex.App. – San Antonio 1987, no writ) (citing *American Mannex Corp. v. Huffstutler*, 328 F.2d 449, 455 (5th Cir. 1964)). A prerequisite to cancellation of a settlement agreement is the return of consideration received. *Kennedy v. Texas Employers Ins. Ass'n*, 121 S.W.2d 434 (Tex.Civ.App. – Dallas 1938, aff'd).

The Settlement Agreement provided that Nader would loan $45,000 to Temporary Administrator to pay Valentina, from which she would use approximately $20,000 to purchase a reliable car to transport Lily. *Appellee's Appendix, Item 3; ROA, pp. 32, 34*. On July 29, 2013, Temporary Administrator

filed an application in the base proceeding for authority to borrow funds and execute a promissory note to Nader. *Appellee's Appendix, Item 17; S.S.C.R., pp. 82-89.* Valentina received notice of the oral hearing on the application to borrow funds. *Appellee's Appendix, Item 18; S.S.C.R., pp. 90-91.*

Valentina made no objection and the trial court granted Temporary Administrator's application. *Appellee's Appendix, Item 19; S.S.C.R., pp. 92-93.*

Valentina accepted the $45,000 payment as partial consideration under the settlement agreement, has not returned the payment, and has no right to rescind the contract. *Appellee's Appendix, Item 20; S.S.C.R., pp. 94-97.*

**Valentina Waived Homestead Rights**

Valentina waived and relinquished any right to assert homestead protection. The settlement agreement she signed unequivocally mandated the sale of the property where she and Lily resided and provided that Valentina would receive a portion of those sales proceeds. *Appellee's Appendix, Item 3; ROA, pp. 32, 34-35.*

A party to a contract may not successfully claim that he believed the provisions of the contract were different from those plainly set out in the agreement or that he did not understand the meaning of the language used. *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 8436 (Tex.App. – Houston [14th Dist.] 1996, writ denied).

The homestead right may be waived. VERNON'S ANN. TEXAS CONST. ART. 16, §52; TEXAS ESTATES CODE § 102.003 (formerly V.A.T.S. PROBATE CODE § 283); *Williams v. Williams,* 569 S.W.2d 867, 870 (Tex. 1978); *Hunter v. Clark,* 687 S.W.2d 811, 815 (Tex.App. – San Antonio 1985, no writ). The right to a probate homestead is a personal right which may be waived by agreement. *Ferguson v. Ferguson,* 111 S.W.3d 589, 598 (Tex.App. – Fort Worth, 2003, pet. denied).

Waiver is defined as an intentional relinquishment of a known right. *United States Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex. 1971). The key element to waiver is intent. *ASI Technologies, Inc. v. Johnson Equip. Co.,* 75 S.W.3d 545, 548 (Tex.App. – San Antonio 2002, pet. denied) (quoting *Sedona Contracting, Inc. v. Ford, Powell & Carson, Inc.*, 995 S.W.2d 192, 195 (Tex.App. – San Antonio 1999, pet. denied)).

Valentina judicially admitted that she signed the settlement agreement upon advice of counsel. *ROA, pp. 7, 8.* The agreement included her settlement and release of all claims to the property. *Appellee's Appendix, Item 3; ROA, pp. 32, 33, 35.* The agreement required the property now in issue to be sold and provided Valentina would receive funds from its sale. *Appellee's Appendix, Item 3; ROA, pp. 32, 34- 35.* Accordingly, there is no basis at law to support Valentina's allegation that she did not intend to waive her homestead rights and the trial court properly dismissed her suit.

## B. Valentina's Purported Homestead Rights

The only legal basis for Valentina's purported homestead rights in the property stems from her purported common law marriage to Adel.

**Hanya, Nader and Lily are Adel's Sole Heirs**

The parties agreed that an heirship would be entered determining Hanya, Nader and Lily as Adel's sole heirs, and that nothing therein would be deemed to dismiss Lily's claims to the assets of Adel's Estate. *Appellee's Appendix, Item 3; ROA, pp. 32, 35.* The trial court entered a final judgment declaring heirship finding by clear and convincing evidence that Hanya, Nader and Lily were Adel's sole heirs, and that Adel was not married at the time of his death. *Appellee's Appendix, Item 5; S.S.C.R., pp. 7-10.*

Valentina has no homestead rights in the property because no common law marriage between Adel and Valentina existed at the time of his death. *Appellee's Appendix, Item 5; S.S.C.R., pp. 7-10.* The judgment declaring heirship was a final, appealable order. TEX.EST.CODE § 202.202. *De Ayla v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Valentina failed to perfect an appeal of the judgment declaring heirship. TEX.R.APP.P. 25.1. Further, Valentina waived and released any claim arising from her common law marriage. *Appellee's Appendix, Item 3; ROA, pp. 32,*

*33, 35.* Accordingly, Valentina's petition for injunctive relief arising from her purported homestead rights has no basis in law. TEX.R.CIV.P. 91a.1.

## C. Lily's Homestead Rights

By agreement of the parties, the trial court appointed Cameron McCulloch as Lily's attorney ad litem in Valentina's common law marriage action due to a conflict of interest between Valentina and Lily. *Appellee's Appendix, Item 8; S.S.C.R., pp. 35-36.* The trial court also appointed Mr. McCulloch as Lily's attorney ad litem in the guardianship proceeding. *Appellee's Appendix, Item 9; S.S.C.R., pp. 37-38.* Mr. McCulloch was also appointed as guardian of Lily's estate. *Appellee's Appendix, Item 10; S.S.C.R., pp. 39-42.*

### Trial Court's Authority to Appoint Lily's Attorney ad Litem

An attorney ad litem is properly appointed by the judge of a probate court as follows:

> . . . In any probate proceeding, to represent the interests of : (1) a person who has a legal disability; (2) a nonresident; (3) an unborn or unascertained person; or (4) an unknown heir; (5) a missing heir; (6) an unknown or missing person for whom cash is deposited into the court's registry under Section 363.011. TEX.PROBATE CODE § 34A.[11]

The term "probate proceeding" is defined as including:

---

[11]Currently, TEXAS ESTATE CODE § 53.104(a).

(1) an heirship determination; (2) application, petition, motion or action regarding the probate of a will or an estate administration, including a claim for money owed by the decedent; (3) a claim arising from an estate administration and any action brought on the claim; and (4) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate. TEX. PROBATE CODE § 3(bb).[12]

The Probate Code defines "matters related to probate proceeding" to include an action against a personal representative arising out of the representative's performance of the duties of a personal representative. TEX. PROB. CODE § 4B.[13]

In accordance with these provisions, the trial court properly appointed Lily's attorney ad litem. Lily's attorney ad litem approved the settlement agreement and signed the order approving same. *ROA, pp. 53, 55*; *Appellee's Appendix, Item 4; ROA, pp. 124-126.* Accordingly, Valentina's cause of action asserting the settlement agreement was not binding on Lily because her attorney ad litem was not properly appointed is without basis in law.

---

[12]See TEX. ESTATES CODE § 31.001.

[13]See TEX. ESTATES CODE § 31.002.

## PRAYER

For the foregoing reasons, Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, respectfully requests that this Honorable Court affirm the trial court's order dismissing Appellant's proceeding as a baseless cause of action pursuant to TEX.R.CIV.P. 91a and for such further relief to which he may be entitled.

Respectfully submitted on this 13th day of January, 2015

<div style="margin-left: 50%;">

FUQUA & ASSOCIATES, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
Telephone: 713.960-0277
Facsimile: 713.960-1064
mlfuqua@fuqualegal.com

By: */s/ Michael L. Fuqua*
Michael L. Fuqua
State Bar No. 24055511

COUNSEL FOR APPELLEE
Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased

</div>

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been sent in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure upon each of the persons listed below on this 13th day of January, 2015.

Valentina Spassova Sheshtawy, pro se
12206 Cabo Blanco Court
Houston, Texas 77041
email:  valentinasheshtawy@yahoo.com

/s/ Michael L. Fuqua
Michael L. Fuqua

## CERTIFICATE OF COMPLIANCE

In accordance with TEX.R.APP.P. 9.4(i)(3), the undesigned certifies that Appellee's Amended Brief contains 6,486 words.

/s/ Michael L. Fuqua
Michael L. Fuqua

CASE NO. 14-14-00515-CV

IN THE FOURTEENTH COURT OF APPEALS
HOUSTON TEXAS

VALENTINA SPASSOVA SHESHTAWY, Appellant

v.

MICHAEL FUQUA, ADMINISTRATOR OF THE ESTATE OF ADEL
SHESHTAWY, DECEASED, Appellant

On Appeal from Probate Court Number One
Harris County, Texas
Probate Court Cause No. 407,499-406

APPELLEE'S RESTATED APPENDIX
with Citations to Second Supplemental Clerk's Record

Michael L. Fuqua, Attorney at Law
Lead Counsel
Fuqua & Associates, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277 - Telephone
(713) 960-1064 - Facsimile
mlfuqua@fuqualegal.com

Attorney for Appellee
Michael L. Fuqua, Temporary Administrator
of the Estate of Adel Sheshtawy, Deceased

# APPELLEE'S APPENDIX

Item 1  Order Granting Motion to Dismiss Proceeding as Baseless Cause of Action Pursuant to TEX.R.CIV.PROC. 91a
*(ROA, pp. 406-407)*

Item 2  Plaintiff's Notice of Appeal
*(ROA, pp. 408-410)*

Item 3  Rule 11 and Final Settlement Agreement
*(ROA, pp. 32-41)*

Item 4  Order Granting Application for Approval of Rule 11 and Settlement Agreement
*(ROA, pp. 124-126)*

Item 5  Judgment Declaring Heirship
*(Second Supplemental Clerk's Record, pp. 7-10)*

Item 6  Original Petition for Declaratory Judgment; First Amended Petition for Declaratory Judgment; Second Amended Petition for Declaratory Judgment
*(Second Supplemental Clerk's Record, pp. 11-22)*

Item 7  Nader Sheshtawy and Hanya Sustache's Original Answer and Counterclaim to Valentina Sheshtawy's First Amended Petition for Declaratory Judgment
*(Second Supplemental Clerk's Record, pp. 23-34)*

Item 8  Order on Motion for Appointment of Attorney ad Litem
*(Second Supplemental Clerk's Record, pp. 35-36)*

Item 9  Order Appointing Attorney ad Litem
*(Second Supplemental Clerk's Record, pp. 37-38)*

Item 10  Order Appointing of Guardian of Estate
*(Second Supplemental Clerk's Record, pp. 39-42)*

Item 11          Temporary Administrator's Application for Sale of Property
                 *(Second Supplemental Clerk's Record, pp. 43-55)*

Item 12          Temporary Administrator's Notice of Submission on Application
                 for Sale of Property
                 *(Second Supplemental Clerk's Record, pp. 56-57)*

Item 13          Order of Sale of Real Property
                 *(Second Supplemental Clerk's Record, pp. 58-60)*

Item 14          Motion for Rehearing and to Set Aside Order of Sale of Real
                 Property
                 *(Second Supplemental Clerk's Record, pp. 61-75)*

Item 15          Rule 12 Motion to Show Authority
                 *(Second Supplemental Clerk's Record, pp. 76-79)*

Item 16          Order Granting Rule 12 Motion to Show Authority
                 *(Second Supplemental Clerk's Record, pp. 80-81)*

Item 17          Temporary Administrator's Application to Borrow Funds and
                 Execute Promissory Note
                 *(Second Supplemental Clerk's Record, pp. 82-89)*

Item 18          Notice of Hearing on Temporary Administrator's Application to
                 Borrow Funds and Execute Promissory Note
                 *(Second Supplemental Clerk's Record, pp. 90-91)*

Item 19          Order Authorizing Temporary Administrator to Borrow Funds
                 and Execute Promissory Note
                 *(Second Supplemental Clerk's Record, pp. 92-93)*

Item 20          Temporary Administrator's $45,000 check to Valentina
                 *(Second Supplemental Clerk's Record, pp. 94-97)*

NO. 407,499-406

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**ORDER GRANTING MOTION TO DISMISS PROCEEDINGS
AS A BASELESS CAUSE OF ACTION PURSUANT TO TEX RULE CIV PROC 91a**

On this day, came on to be heard and/or considered the Motion to Dismiss Proceedings as a Baseless Cause of Action pursuant to Tex. Rule of Civ. Proc. 91a (hereinafter referred to as the *"Motion"*) which was filed in this proceeding by MICHAEL L. FUQUA, in his capacity as the Temporary Administrator of the Estate of Adel Sheshtawy, Deceased Pending Contest (hereinafter referred to as the *"Movant"*).

The Court, after considering the Motion, is of the opinion and finds that the Motion should be in all respects granted, for the purpose of judicial economy and efficiency, because the cause of action brought by Valentina Spassova Sheshtawy is a baseless cause of action as set out by the Tex. Rule of Civ. Proc. 91a It is therefore,

ORDERED, ADJUDGED and DECREED, that the Original Petition filed under Cause Number 407,499-406; *Valentina Spassova Sheshtawy v. Michael Fuqua as Temporary Administrator of the Estate of Adel Sheshtawy, Deceased*; pending in this Court be and it is hereby dismissed as a baseless cause of action.

IT IS FURTHER ORDERED, ADJUDGED and DECREED, that Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, shall recover his costs and reasonable and necessary attorney's fees in the amount of $3,715.00 from Petitioner, Valentina Spassova Sheshtawy, that were incurred with respect to the challenged cause of action.

ITEM 1

SIGNED this 20th day of June , 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

FUQUA & ASSOCIATES, P.C.

By: _____
MICHAEL L. FUQUA
State Bar Number 24055511
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277   (TEL.)
(713) 960-1064   (FAX)
mlfuqua@fuqualegal.com

Temporary Administrator of
The Estate of Adel Sheshtawy, Deceased

No. 407,499-406

| | | |
|---|---|---|
| Valentina Spassova Sheshtawy, | § | In the Probate Court Number One (1) |
| Plaintiff | § | of |
| vs. | § | Harris County, Texas |
| Michael Fuqua, as | § | |
| Temporary Administrator of the | | |
| Estate of Adel Sheshtawy; | | |
| Defendant | | |

## PLAINTIFF'S NOTICE OF APPEAL

1. Plaintiff, Valentina Spassova Sheshtawy, desires to appeal from the order granting the motion to dismiss a baseless cause of action signed by the Court on June 20, 2014.

2. Plaintiff appeals to either the First or the Fourteenth Court of Appeals.

3. Plaintiff has previously filed a related appeal in the Fourteenth Court of Appeals. 407,499-406; 14-14-00441-CV

4. Plaintiff is presumed indigent and may proceed without advance payment of costs.

Respectfully submitted,

By: *Valentina Sheshtawy*

Valentina Spassova Sheshtawy

Pro Se

12206 Cabo Blanco Ct.

Houston, Texas 77041

832-721-3606 phone

valentinasheshtawy@yahoo.com

FILED
2014 JUN 24 PH 2:07
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

**ITEM 2**

**408**

STATE OF TEXAS          §

HARRIS COUNTY          §

### VERIFICATION

Before me, the undersigned notary, on this day personally appeared VALENTINA SPASSOVA SHESHTAWY, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is VALENTINA SPASSOVA SHESHTAWY. I am capable of making this verification. I have read the NOTICE of APPEAL. The facts stated in it are within my personal knowledge and are true and correct."


*Valentina Sheshtawy*
Valentina Spassova Sheshtawy


Sworn to and subscribed before me by Valentina Spassova Sheshtawy on June 24th, 2014.


*Rebecca Rehman*

TABAAN REHMAN
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 1/2/18

Notary Public in and for

The State of Texas

My commission expires:
01·02·2018

**409**

## CERTIFICATE OF SERVICE

I certify that on June 24, 2014, I served a copy of Plaintiff's Notice of Appeal on the party listed below by electronic service and that the electronic transmission was reported as complete. My email is valentinasheshtawy@yahoo.com.

Michael Fuqua

Temporary Administrator

Fuqua & Associates, P.C.

5005 Riverway, Suite 250

Houston, Texas 77056

Phone: (713) 960-0277

Fax: (713) 960-1064

mlfuqua@fuqualegal.com

*Valentina Sheshtawy*

Valentina Spassova Sheshtawy

Pro Se



CAUSE NO. 407,499-401

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |
| | § | |
| VALENTINA SPASSOVA TASSEVA | § | |
| SHESHTAWY | § | |
| | § | |
| VS. | § | |
| | § | |
| ADEL SHESHTAWY, NADER | § | |
| SHESHTAWY, HANYA SUSTACHE | § | |
| AND FAROUK SHESHTAWY | § | |

## RULE 11 AND FINAL SETTLEMENT AGREEMENT

THIS RULE 11 AND FINAL SETTLEMENT AGREEMENT ("this Agreement") is made and entered into by and among the Parties as defined in this Agreement.

### Article I: Definitions

1.1 The Parties to this Settlement Agreement are defined as follows:

    a. The term "Valentina" shall refer to Valentina Spassova Tasseva a/k/a Valentina Spassova Sheshtawy.

    b. The term "Lily" shall refer to Lily Sheshtawy, minor child of Valentina Spassova Tasseva a/k/a Valentina Spassova Tasseva Sheshtawy, acting by and through her attorney ad litem Cameron McCulloch.

    c. The term "Nader" shall refer to Nader Sheshtawy.

    d. The term "Hanya" shall refer to Hanya Sustache.

1.2 The terms "Affiliate" or "Affiliates" of the person or entity designated shall refer to such person in their individual capacity and such person or entity's spouse (including a former or future spouse), assigns, trustees, employees, and accountants.

1.3 The term "Agreement" shall refer to this Rule 11 and Final Settlement Agreement.

1.4 The term "Effective Date" shall refer to the date the last Party signs this Agreement.

07&112/000003376-844919v1

Certified Document Number: 60763790 - Page 3 of 12

ITEM 3

32

Certified Document Number: 60763790 - Page 4 of 12

1.5 The term "Cabo Blanco Property" shall refer to the property commonly known as 12206 Cabo Blanco Court, Houston, Texas 77041.

1.6 The term "Adel's Estate" shall refer to the Estate of Adel Sheshtawy, including, but not limited to, all assets passing under the Last Will and Testament of Adel Sheshtawy, and admitted to probate in cause number 407,499.

1.7 The term "Claims" shall refer to and include any and all claims, causes of action, debts, demands, actions, costs, expenses, losses, damages, charges, challenges, contests, liabilities, promises, agreements, deceptive practice claims, claims in equity, suits, and all other obligations and liabilities of whatsoever nature KNOWN and UNKNOWN, fixed or contingent, liquidated or unliquidated, anticipated or unanticipated, at law or in equity, for any type of relief or redress, including but not limited to money damages, whether founded on contract, tort (including but not limited to tortious interference with inheritance rights, conversion, fraud, tax issues, undue influence, false representation, conscious indifference, reckless disregard, and/or malicious conduct), fiduciary duty, NEGLIGENCE, gross negligence, intentional infliction of emotional distress, reimbursement, breach of fiduciary duty to disclose material information, indebtedness, FRAUDULENT INDUCEMENT, and any other ground, whether or not asserted, which any person has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of the Agreement relating to Nader, Hanya, the Lawsuit, Adel's Estate, including any claims of common law marriage, save and except warranties and representations under this Agreement. THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW.

1.8 The term "Lawsuit" shall refer to the above referenced lawsuit pending under Cause Number 407,499-401; In the Estate of Adel Sheshtawy; In Probate Court No. 1 of Harris County, Texas, including, but not limited to, the pending petition filed by Valentina and counterclaims filed by Nader and Hanya.

1.9 The terms "the Parties" or "the Parties hereto" shall collectively refer to Valentina, Nader, Lily, and Hanya.

1.10 The term a "Party" shall refer to any one of Valentina, Nader, Lily and Hanya.

1.11 The term "Temporary Administrator" shall refer to Michael Fuqua, as Temporary Administrator of Adel's Estate.

### Article II: Recitals

WHEREAS, Adel died on August 8, 2011.

WHEREAS, after Adel's death, Valentina filed the Lawsuit alleging she was the common law spouse of Adel.

07241H/00003376-844919v1

2

Certified Document Number: 60763790 - Page 5 of 12

WHEREAS, after the Lawsuit was filed, Nader and Hanya filed a counterclaim seeking to enforce a premarital agreement executed by Adel and Valentina.

WHEREAS, certain differences, controversies, and Claims have arisen by and between the Parties relating to Valentina's claims in the Lawsuit and to assets of Adel's Estate;

WHEREAS, this Agreement is made to completely settle and compromise all differences, controversies, and Claims by Valentina;

WHEREAS, the Parties have determined that it is in their respective best interests to settle and terminate all Claims by Valentina;

WHEREAS, by executing this Agreement, no Party hereto concedes any legal or factual contentions of the other Party, but specifically denies same and enters into this Agreement solely to terminate and settle the Claims between themselves in an effort to minimize costs, expenses, attorneys' fees, and, most of all, to buy peace.

### Article III: Agreements

For and in consideration of the premises, the mutual covenants and the terms hereunder, the sufficiency of which consideration is hereby mutually acknowledged, the Parties to this Agreement hereby agree as follows:

3.1     Settlement of Lawsuit

    a.    Valentina will receive the sum of $145,000 in full and final settlement of all her Claims, to be paid as set forth below:

        i)    Nader will loan the sum of $45,000 to Temporary Administrator, subject to the following terms and conditions:

            1.    Temporary Administrator will immediately pay the sum of $45,000 to Valentina, from which she will use approximately $20,000 to purchase a reliable car to transport Lily; and

            2.    Nader will be repaid the loan amount from the proceeds of the sale of the Cabo Blanco Property; provided if sufficient assets of Adel's Estate are available prior to such sale in the due course of administration such loan shall be paid from such assets.

        ii)    The Cabo Blanco Property will be sold and Valentina will be paid the balance due of $100,000 from the sale proceeds at closing.

        iii)    All payments to Valentina in this Agreement will be paid jointly to Valentina and McDonald Worley, P.C.

    b.    Cameron McCulloch will be appointed as permanent guardian of Lily's Estate, pending the sale of the Cabo Blanco Property and the ability to create a guardianship management trust for Lily. Valentina will cooperate with Cameron McCulloch in all necessary filings and waive in favor of his appointment.

Cameron McCulloch, as Guardian for Lily's Estate will seek to distribute the Cabo Blanco Property, to himself as Lily's Guardian, subject to the terms of this Agreement. Cameron McCulloch, as Guardian for Lily's Estate will promptly sell the Cabo Blanco Property and, after the payments in this Agreement, seek to purchase a new homestead for Lily and use any proceeds pending the purchase for short term suitable housing for Lily and Valentina. The purchase price of the new home will not exceed $250,000, contingent upon Valentina establishing that she can pay the monthly expenses, insurance, taxes, HOA and routine maintenance of the property.

c. Valentina and Lily will continue to reside in the Cabo Blanco Property until the property is sold. Valentina agrees to cooperate with Cameron McCulloch to expedite the sale of the Cabo Blanco Property, including executing such documents at closing to allow for the closing of the sale and compliance with the terms of this Agreement.

d. The parties agree to confirm they will not interfere with Valentina receiving social security benefits for herself and Lily and hereby indicate that they are not opposed to such benefits, to the extent not currently being paid, be reinstated.

e. The parties will submit a joint motion to dismiss all remaining claims in the litigation with prejudice. Nothing herein will be deemed to dismiss Hanya, Nader and Lily's claims to the assets of Adel's Estate.

f. The Parties acknowledge and agree that this Agreement is intended to settle all Claims by Valentina to Adel's Estate and/or against Nader and/or Hanya including to any assets of Adel's Estate, the Cabo Blanco Property, any companies and/or assets of any of them. An heirship will be entered determining Hanya, Nader and Lily as Adel's sole heirs.

g. The parties will enter into such additional agreements as are reasonable or necessary to finalize the terms of this Agreement.

h. The parties agree to withdraw any objection to the payment of the taxes and HOA fees of the Cabo Blanco Property outstanding to date from the proceeds of Highgrove.

3.2 Release Of Claims

a. Save and except for the express obligations under the terms of this Agreement, Valentina does hereby forever release and discharge Temporary Administrator, Adel's Estate, Lily, Nader and Hanya, individually and in all fiduciary capacities, and all of their predecessors, successors and affiliates of and from any and all Claims including, but not limited to any claims to any assets or alleged assets of Adel's Estate.

b. Save and except for the express obligations under the terms of this Agreement, the Hanya and Nader does hereby forever release and discharge Valentina of and from any and all Claims.

Certified Document Number: 60763790 - Page 6 of 12

Certified Document Number: 60763790 - Page 7 of 12

3.3  Family Cooperation Clause

    a.  Nader and Hanya seek to maintain a relationship with Lily and Valentina agrees to work with them and Cameron McCulloch in a good faith effort to establish visits to maintain that relationship.

3.4  Representations And Warranties

    a.  Each Party hereby stipulates, represents and warrants to each of the other Parties, as follows:

        iv)  That he or she is the current legal and beneficial owner of all of the Claims released hereby, as well as the Claims asserted by him or her orally or in written form with respect to any litigation he or she could have brought with respect to matters covered by this Agreement, including the Claims;

        v)  That he or she has not assigned, pledged or contracted to assign or pledge to any other person or entity any interest he or she may have in the Claims;

        vi)  That the terms and provisions of this Agreement are valid, binding and enforceable as against himself or herself, any such Party's successors and affiliates;

        vii)  That he or she is adequately represented by competent counsel of his or her choosing in connection with the execution and delivery of this Agreement and in any and all matters relating thereto, or has voluntarily waived such right to seek the advice of a legal advisor;

        viii)  That he or she is not under any form of legal disability or incapacity at the time he or she executes this Agreement;

        ix)  That Sarah Patel Pacheco, and the law firm of Crain, Caton & James, P.C., solely represent Nader and Hanya and does not and has never represented any other Party and has not provided any other Party legal advice or services, or made any representation to any other Party;

        x)  That Donald Worley, solely represents Valentina and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party;

        xi)  That W. Cameron McCulloch, Jr., solely represents Lily and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party;

078414/000003376 - 344919v1

5

36

05092014:0814:0000

Certified Document Number: 60763790 - Page 8 of 12

xii) That in executing this Agreement, each Party has relied upon his or her own judgment and the advice of his or her own attorneys, and further, that he or she has not been induced to sign or execute this Agreement by promises, agreements or representations not expressly stated herein, and he or she has freely and willingly executed this Agreement and expressly disclaims reliance upon any facts, promises, undertakings, or representations made by any other Party, or by such Party's Affiliates;

xiii) That the consent of such Party to this Agreement was not procured, obtained or induced by improper conduct, undue influence or duress;

xiv) That such Party either (1) has knowledge of all relevant and material information and facts and has been fully informed, including by advice of counsel, concerning the existence of potential Claims or any other Party including other additional affirmative or defensive Claims arising from all matters known to him or her and arising during the period of negotiations leading to and culminating in the execution by him or her of this Agreement, in order for him or her to make an informed and considered decision to enter into this Agreement, and/or (2) specifically and after advice of counsel is waiving (a) any right to obtain or demand, and (b) any obligation of any other Party;

xv) That he or she is not in a significantly disparate bargaining position with regard to any other Party.

b, Each Party understands and agrees that each other Party has relied upon these representations and warranties in entering into this Agreement.

3.5 Miscellaneous Provisions

a. Parties Bound. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective Affiliates and Successors.

b. Party's Attorney's Fees and Expenses Incurred to Date. Except as provided under this Agreement, each Party hereby agrees to be responsible for his or her own respective attorney's fees, costs, and expenses through the date of this Agreement, including their respective attorney's fees, costs, and expenses necessary and/or incurred in the effectuation of this Agreement.

c. Attorney's Fees and Expenses for Breach of Agreement. The Parties agree that if it becomes necessary to assert any claim to enforce or defend the provisions of this Agreement, the prevailing Party shall be entitled to recover reasonable attorney's fees and other related litigation expenses from the non-prevailing Party.

d. No Oral Modification. No amendment, modification, waiver, or consent with respect to any provision of any of this Agreement shall be effective unless the

078414/0000003376 - 14491941                    6

same shall be in writing and signed by the Party or Parties hereto against whom enforcement of the amendment, modification, waiver or consent is sought.

e. Counterparts. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute a single instrument. This Agreement shall only be binding when one or more counterparts hereof, individually or taken together, shall bear all signatures of the Parties hereto reflected hereon as signatories.

f. Choice of Law. This Agreement shall be governed pursuant to the laws of the State of Texas.

g. Choice of Venue. Harris County, Texas shall be the appropriate and exclusive venue for any suit arising out of this Agreement.

h. Assignment. This Agreement and the rights and obligations of the Parties hereto shall not be assigned or delegated by any Party hereto without the prior written consent of the other Parties hereof.

i. Incorporation. All Exhibits attached hereto are hereby incorporated by reference in this Agreement for the purposes set forth above.

j. Headings. The paragraph headings and sub-headings used herein are for descriptive purposes only. The headings have no substantive meaning and the terms of this Agreement shall not be affected by such headings.

k. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES HERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL OR WRITTEN AGREEMENTS BETWEEN OR AMONG ONE OR MORE OF THE PARTIES HERETO. EACH PARTY WAIVES ANY CLAIMS THAT HE OR SHE WAS FRAUDULENTLY INDUCED TO ENTER INTO THIS AGREEMENT.

05002014:00014:P0078

Certified Document Number: 60763790 - Page 9 of 12

078414/000003376-844919v1

7

38

PARTIES:

_Valentina Spassova Sheshtawy_
Valentina Spassova Tassova a/k/a Valentina
Spassova Sheshtawy in all capacities

W. Cameron McCulloch, Jr., as Attorney Ad Litem
for Lily Sheshtawy, a minor child

Nader Sheshtawy

Hanya Sustache

Certified Document Number: 60763790 - Page 10 of 12

STATE OF TEXAS          §
                        §
COUNTY OF _HARRIS_      §

This instrument was acknowledged before me, this _28th_ day of _May_, 2013, by, Valentina Spassova Tasseva a/k/a Valentina Spassova Tasseva Sheshtawy in the capacities therein stated.



NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS          §
                        §
COUNTY OF _HARRIS_      §

This instrument was acknowledged before me, this _28th_ day of _May_, 2013, by, W. Cameron McCulloch, Jr., as Attorney Ad Litem for Lily Sheshtawy, a minor child.



NOTARY PUBLIC, STATE OF TEXAS

078414/000003176 - 844919v1

9

STATE OF TEXAS §
§
§
COUNTY OF _HARRIS_ §

This instrument was acknowledged before me, this 28th day of _May_, 2013, by, Nader Shoshtawy.

R. B. STANFIELD
Notary Public, State of Texas
My Commission Expires
November 09, 2013

_____
NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS §
§
§
COUNTY OF _HARRIS_ §

This instrument was acknowledged before me, this 28th day of _May_, 2013, by, Hanya Sustache.

R. B. STANFIELD
Notary Public, State of Texas
My Commission Expires
November 09, 2013

_____
NOTARY PUBLIC, STATE OF TEXAS

NO. 407,499-401

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

| | |
|---|---|
| VALENTINA SPASSOVA TASSEVA SHESHTAWY | § § § |
| VS. | § § |
| ADEL SHESHTAWY, NADER SHESHTAWY, HANYA SUSTACHE AND FAROUK SHESHTAWY | § § § § |

### ORDER GRANTING APPLICATION FOR APPROVAL OF RULE 11 AND SETTLEMENT AGREEMENT

On this day, came on to be heard and/or considered the Application for Approval of Rule 11 and Settlement Agreement (hereinafter referred to as the "Application") for the above entitled and numbered proceeding which was filed by Applicant W. CAMERON McCULLOCH, in his capacity as the duly appointed Attorney Ad Litem to represent the legal interest of the Proposed Ward, LILY SHESHTAWY, A Minor Child (hereinafter referred to as the "Applicant"). The Court, after considering the Application, is of the opinion and finds that the Application should be in all respects granted, and that the Rule 11 and Settlement Agreement which is attached to the Application as Exhibit "A" is in Lilly Sheshtawy's best interests. It is therefore,

ORDERED, ADJUDGED, and DECREED, that the Rule 11 and Settlement Agreement which is attached to the Application as Exhibit "A" is hereby approved in all respects with

EX. C

~7/14/13

ITEM 4

**124**

respect to the interests of Lily Sheshtawy, A Minor Child.

Signed this _17th_ day of _July_, 2015.

_____
JUDGE PRESIDING

APPROVED:

MACINTYRE, McCULLOCH, STANFIELD
& YOUNG, LLP

By: _____
W. CAMERON McCULLOCH
State Bar No. 00788930
CHRISTOPHER C. BURT
State Bar No. 24068339
3900 Essex Lane, Suite 220
Houston, Texas 77027
(713) 572-2900
(713) 572-2902 (FAX)

AD LITEM ATTORNEY FOR LILY
SHESHTAWY, A MINOR CHILD

CRAIN, CATON & JAMES, PC

By: _____
SARAH PATEL PACHECO
State Bar No. 00788164
KATHLEEN TANNER BEDUZE
State Bar No. 24052205
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-1921 (FAX)

ATTORNEYS FOR NADER
SHESHTAWY & HANYA SUSTACHE

MCDONALD WORLEY, PC

By: _____
    McDONALD WORLEY
    State Bar No. 24003208
    1770 St. James Place, Suite 100
    Houston, Texas 77056
    (713) 523-5500
    (713) 523-5501 (FAX)

ATTORNEY    FOR    VALENTINA
SPASSOVA    TASSEVA    (A.K.A.
VALENTINA SPASSOVA SHESHTAWY)

**126**

FILED
12/19/2014 12:05:53 PM
Stan Stanart
County Clerk
Harris County

DATA ENTRY
PICK UP THIS DATE

CAUSE NO. ~~407,499~~ 406

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

### JUDGMENT DECLARING HEIRSHIP

On this day came on for trial in the above proceeding the determination of the heirship and the shares and interests of the heirs of Adel Sheshtawy, Deceased ("Decedent"), pursuant to the Application for Declaration of Heirship ("Application") filed by Nader Sheshtawy and Hanya Susieche ("Applicants"); and it appearing to the Court that the known living heirs of Decedent have joined in the Application; that there are no unknown heirs; that the Court has jurisdiction of the subject matter of this proceeding and of all persons and parties hereto; that Applicants presented the Application duly supported by the requisite Affidavits, praying that the Court declare the heirship and the shares and interests of the heirs of Decedent; and Applicants, all parties, and Michael Fuqua, Attorney Ad Litem for unknown heirs announced ready for trial, a jury having been waived; and the Court having heard and considered the pleadings of the parties and the evidence presented thereupon, this Court, sitting without a jury, hereby makes the following findings from the evidence presented, which the Court finds to be clear and convincing, to wit:

1. That Decedent died in Houston, Harris County, Texas on August 8, 2011;

2. That Decedent resided and was domiciled in Harris County, Texas at the time of his death;

3. That this Court has jurisdiction and venue over the estate of Decedent and over this matter;

078414/000001
130 - 931699v1

12 22 2014: 1538: P0030

1 1202013: 0846: P0017

4.     That citation has been served and returned in the manner and for the length of time required by the Texas Probate Code;

5.     That W. Cameron McCulloch, Jr. was appointed Attorney Ad Litem to represent Lily A. Sheshtawy, a minor child.

6.     That Michael Fuqua was appointed Attorney Ad Litem to represent the interests of any unknown heirs;

7.     That Decedent left no valid Will;

8.     That at the time of his death, Decedent was not married.

9.     That three children were born to Decedent: Nader Sheshtawy, Hanya Sustache, and Lily Alexandra Sheshtawy. No other children were born to or adopted by Decedent, and all children are living;

10.    That the name and last known residence of the known heirs of Decedent at the date of Decedent's death and the title and interest of each such heir in Decedent's estate is as follows:

| Name and Address | Status | Interest in Estate |
|---|---|---|
| Nader Sheshtawy<br>1121 Lashbrook<br>Houston, Texas 77077<br>(Son) | Adult | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |
| Hanya Sustache<br>3734 Arundel Garden<br>Sugarland, Texas 77498<br>(Daughter) | Adult | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |
| Lily A. Sheshtawy<br>12206 Cabo Blanco Court<br>Houston, Texas 77041<br>(Daughter) | Minor Child | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |

07841600000f
136-00169841

2

11. That no person other than the heirs heretofore set forth in Paragraph 9 are entitled to any interest in the property of Decedent as an heir of Decedent.

It further appearing to the Court that the evidence developed the above findings and such findings were each fully proved and were so proved in support of this Judgment; that all of the evidence so admitted to this Court has been duly reduced to writing and sworn to by the witnesses in support of their written testimony in open Court; that such writings have been duly filed herein and recorded in the minutes of the Court; and, the Court being of the opinion that the heirship of Decedent has been fully and satisfactorily proved, as well as the interest and share of each of such heir therein, it is, accordingly,

ORDERED by the Court that the only heirs of Adel Sheshtawy, Deceased, the place of residence, each such heir's share and interest in the Estate, and the heir's relationship to the Decedent is as heretofore set forth in Paragraph 10 above to which reference is here made for all purposes. It is further,

ORDERED that Michael Fogus, Attorney Ad Litem for Decedent's unknown heirs shall be paid by separate order and is hereby discharged as Attorney Ad Litem in this Cause.

SIGNED this ___ day of December, 2013.

_____
JUDGE PRESIDING

Rec/RLS 12/19/13.

0764140000001
(30-90369ly)

3

APPROVED AS TO FORM ONLY:

CRAIN, CATON & JAMES
A Professional Corporation

By: _Kathleen Tanner Beduze_

SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BEDUZE
(TBA #24052205)
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Applicants*

FUQUA & ASSOCIATES

By: _____
MICHAEL FUQUA
(TBA #24055511)
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277
(713) 960-1064 (Facsimile)

*Attorney Ad Litem for Unknown Heirs*

MacINTYRE & McCULLOCH, P.C.

By: _Cameron McCulloch_ by permission
W. CAMERON McCULLOCH, JR.
Texas Bar No. 00788930
3900 Essex Lane Ste. 220
(713) 572-2900
(713) 572-2902 Fax

*Attorney Ad Litem for Lily A. Sheshtawy*



07641000001
150-934692r1

4

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

DATA ENTRY
PICK UP THIS DATE

PROBATE COURT 1

CAUSE NO. 405499-401

| | |
|---|---|
| ESTATE OF | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | NO. 1 OF |
| DECEASED | HARRIS COUNTY, TEXAS |

## ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW VALENTINA SPASSOVA TASSEVA SHESHTAWY, individually and As Next Friend of LILY ALEXANDRA SHESHTAWY (hereinafter designated as Plaintiffs), and, pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE (the Texas Declaratory Judgment Act), files this *Original Petition for Declaratory Judgment* against the estate of Adel Sheshtawy (hereinafter designated as Defendant) for a declaration of the common-law wife status and paternity of Plaintiffs, respectively. As the basis for this request for a declaratory judgment, Plaintiffs would show this Court the following:

### 1. Discovery Level

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### 2. Parties.

2. Valentina Spassova Tasseva Sheshtawy ("Valentina") is an individual domiciled in Harris County, Texas and residing at 12206 Cabo Blanco Court, Houston, Texas 77041. Lily Alexandra Sheshtawy ("Lily"), daughter of Valentina, is an individual minor domiciled in Harris County, Texas and residing at 12206 Cabo Blanco Court, Houston, Texas 77041.

3. Defendant, decedent Adel A. Sheshtawy, was, at the time of his death on August 6, 2011, an individual residing at 6623 Hazy Heath Lane, Houston, Texas 77041. Citation may be

1

ITEM 6

11

duly served upon Michael Fuqua, the Temporary Administrator for the estate of Adel Sheshtawy appointed by order of this Court on October 13, 2011. Service may be perfected at his normal place of business at 5005 Riverway, Suite 250, Houston, Texas 77056. Service is requested at this time.

### 3. *Jurisdiction and Venue.*

4.       In accordance with the laws of the State of Texas, this Court has jurisdiction over the parties and subject matter of this suit and this action may be properly maintained in this county as an ancillary matter to Cause Number 407499 under Local Rule 2.6. The specific jurisdictional facts giving rise to this Court's authority to adjudicate these claims are set forth below and are incorporated herein by reference as if fully set forth at length.

### 4. *Basis for Suit.*



5.       At the time of Adel Sheshtawy's death, a divorce proceeding, filed by Valentina on August 4, 2010, was pending in Cause Number 2010-46274 in the 247th District Court of Harris County, Texas. In accordance with that filing, Plaintiffs asserted and assert herein an informal marriage between Valentina and Adel Sheshtawy existed at the time of decedents death pursuant to TEXAS FAMILY CODE §2.401. In September 2005, the parties agreed to be married, afterwards they lived together as husband and wife, and held themselves out to the public in Texas as husband and wife. Further, in accordance with that filing, Plaintiffs asserted and assert herein Lily, born April 18, 2008, was the child of this marriage and the daughter of Adel Sheshtawy and Valentina.

6.       Plaintiffs request the Court render a declaratory judgment establishing the validity of the informal marriage between Valentina and Adel Sheshtawy and declare Lily the daughter of that union.

2

12

122220141538:P0027

**5. Costs and Attorney's Fees.**

Plaintiffs have been required to obtain the services of the undersigned attorneys to prosecute this suit. Pursuant to Section 37.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiffs are entitled to collect costs and reasonable and necessary attorney's fees incurred in connection with the prosecution of this case. Accordingly, Plaintiffs plead for costs and all attorney's fees reasonable and necessary for the trial of this case and any appeal thereof.

**6. Prayer.**

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiffs pray that citation be issued and that upon trial of this cause, this Court render a declaratory judgment establishing the relationship between Valentina Spassova Tassova Sheshtawy and Adel A. Sheshtawy was a valid and recognizable informal marriage importing all the rights and responsibilities of marriage unto them and establishing Adel A. Sheshtawy as the father of Lily Alexandra Sheshtawy. In addition to the above, Plaintiffs pray for costs of court, attorney's fees, and for such other and all further relief to which they may be justly entitled.

Respectfully submitted,
DONATO, MINX, BROWN & POOL, P.C.

By_____
Aaron Pool
State Bar No. 16115400
Ronald L. Hornbeck
State Bar No. 24059257
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
713.877.1112
713.877.1138 (Fax)

ATTORNEYS FOR APPLICANT

3

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
12/19/2014 12:20:29 PM
Stan Stanart
County Clerk
Harris County

**DATA ENTRY**
**PICK UP THIS DATE**

**DATA ENTRY**
**PICK UP THIS DATE**

PROBATE COURT 1.

CAUSE NO. 407499-401
407499-406

| | |
|---|---|
| ESTATE OF | § IN THE PROBATE COURT |
| ADEL SHESHTAWY, | § NO. 1 OF |
| DECEASED | § HARRIS COUNTY, TEXAS |

**FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW VALENTINA SPASSOVA TASSEVA SHESHTAWY, Individually and As Next Friend of LILY ALEXANDRA SHESHTAWY (hereinafter designated as Applicants), and, pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE (the Texas Declaratory Judgment Act), files this *First Amended Petition for Declaratory Judgment* against the estate of Adel Sheshtawy (hereinafter designated as Defendant) for a declaration of the common-law wife status and paternity of Applicants, respectively. As the basis for this request for a declaratory judgment, Applicants would show this Court the following:

*Discovery Level*

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

*2. Parties.*

2. Valentina Spassova Tasseva Sheshtawy ("Valentina") is an individual domiciled in Harris County, Texas and residing at 12206 Cabo Blanco Court, Houston, Texas 77041. Lily Alexandra Sheshtawy ("Lily"), daughter of Valentina, is an individual minor domiciled in Harris County, Texas and residing at 12206 Cabo Blanco Court, Houston, Texas 77041.

3. Respondent, decedent Adel A. Sheshtawy, was, at the time of his death on August 8, 2011, an individual residing at 6623 Ivy Heath Lane, Houston, Texas 77041. Citation has

1

been duly served upon Michael Fuqua, the Temporary Administrator for the estate of Adel Sheshtawy appointed by order of this Court on October 13, 2011. Respondent has answered and made an appearance herein.

4. Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE § 37.006, the Respondents herein identified constitute all of the persons known by Applicants to have or claim an interest that would be affected by the declarations sought herein.

5. Respondent, Nader Sheshtawy, is an individual residing in the State of Texas who may be served by and through his attorney of record, Sarah Pacheco, Crain, Caton & James, P.C., 1401 McKinney Street, 17th Floor, Houston, Texas 77010.

6. Respondent, Hanya Sustacho, is an individual residing in the State of Texas who may be served by and through her attorney of record, Sarah Pacheco, Crain, Caton & James, P.C., 1401 McKinney Street, 17th Floor, Houston, Texas 77010.

7. Respondent, Farouk Sheshtawy, is an individual residing in the State of Texas who may be served by and through his attorney of record, William F. Harmeyer, William F. Harmeyer & Associates, P.C., 7322 Southwest Freeway, Suite 475, Houston, Texas 77074.

### 3. Jurisdiction and Venue.

8. In accordance with the laws of the State of Texas, this Court has jurisdiction over the parties and subject matter of this suit and this action may be properly maintained in this county as an ancillary matter to Cause Number 407499 under Local Rule 2.6. The specific jurisdictional facts giving rise to this Court's authority to adjudicate these claims are set forth below and are incorporated herein by reference as if fully set forth at length.

2

122320I4:0900:P0078

01182012:1505:P0158

FBT-2012-14668

#### 4. Basis for Suit

9. At the time of Adel Sheshtawy's death, a divorce proceeding filed by Valentina on August 4, 2010, was pending in Cause Number 2010-48274 in the 249th District Court of Harris County, Texas. In accordance with that filing, Applicants asserted and assert herein an informal marriage between Valentina and Adel Sheshtawy existed at the time of decedents death pursuant to TEXAS FAMILY CODE §2.401. In September 2005, the parties agreed to be married, afterwards they lived together as husband and wife, and held themselves out to the public in Texas as husband and wife. Further, in accordance with that filing, Applicants asserted and assert herein Lily, born April 18, 2008, was the child of this marriage and the daughter of Adel Sheshtawy and Valentina.

10. Applicants request the Court render a declaratory judgment establishing the validity of the informal marriage between Valentina and Adel Sheshtawy and declare Lily the daughter of that union.

#### 5. Costs and Attorney's Fees.

11. Applicants have been required to obtain the services of the undersigned attorneys to prosecute this suit. Pursuant to Section 37.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Applicants are entitled to collect costs and reasonable and necessary attorney's fees incurred in connection with the prosecution of this case. Accordingly, Applicants plead for costs and all attorney's fees reasonable and necessary for the trial of this case and any appeal thereof.

#### 6. Prayer.

WHEREFORE, ABOVE PREMISES CONSIDERED, Applicants pray that upon trial of this cause, this Court render a declaratory judgment establishing the relationship between Valentina Shossova Tassova Sheshtawy and Adel A. Sheshtawy was a valid and recognizable

3



informal marriage importing all the rights and responsibilities of marriage unto them and establishing Adel A. Sheshtawy as the father of Lily Alexandra Sheshtawy. In addition to the above, Applicants pray for costs of court, attorney's fees and for such other and all further relief to which they may be justly entitled.

Respectfully submitted,

DONATO, MINX, BROWN & POOL, P.C.

By: _____
Austin Pool
State Bar No. 16115400
Ronald L. Hornback
State Bar No. 24059257
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
713.877.1112
713.877.3338 (Fax)

ATTORNEYS FOR APPLICANTS

4



## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2012, a true and correct copy of the above and foregoing has been served by facsimile transmission on the following counsel:

William F. Harmeyer
7322 Southwest Freeway #475
Houston, TX 77074

Via Fax: 713-270-7128

Sarah Patel Pacheco
CAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010

Via Fax: 713-658-1921

Mr. Michael Fuqua
FUQUA & ASSOCIATES
5005 Riverway, Suite 250
Houston, Texas 77056

Via Fax: 713-960-1064

Ronald L. Hornback

5

FILED
12/19/2014 12:26:29 PM
Stan Stanart
County Clerk
Harris County

**DATA ENTRY
PICK UP THIS DATE**

PROBATE COURT 1



DATA ENTRY
PICK UP THIS DATE
CAUSE NO. 407,499-406

PROBATE COURT 1

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |
| | § | |
| VALENTINA SPASSOVA TASSEVA SHESHTAWY | § | |
| | § | |
| v. | § | |
| | § | |
| ADEL SHESHTAWY, NADER SHESHTAWY and HANYA SUSTACHE | § | |

**SECOND AMENDED PETITION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW VALENTINA SPASSOVA TASSEVA SHESHTAWY, individually and As Next Friend of LILY ALEXANDRA SHESHTAWY (hereinafter "Plaintiffs"), and, pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, files this *Second Amended Petition for Declaratory Judgment* for a declaration of the common-law wife status Plaintiff, VALENTINA SPASSOVA TASSEVA SHESHTAWY. As the basis for this request for a declaratory judgment, Plaintiffs would show this Court the following:

**Discovery Level**

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**Parties**

2. Valentina Spassova Tasseva Sheshtawy ("Valentina") is an individual domiciled in Harris County, Texas. Lily Alexandra Sheshtawy ("Lily"), the daughter of Valentina and Adel Sheshtawy, is a minor individual also domiciled in Harris County, Texas.

1

19

1223201410900:P0070

3. Defendant, Adel A. Sheshtawy ("Adel"), was, at the time of his death on August 8, 2011, an individual residing at 6623 Ivy Heath Lane, Houston, Texas 77041. Michael Fuqua, the Temporary Administrator for the estate of Adel Sheshtawy, has answered and made an appearance herein.

4. Defendant, Nader Sheshtawy, is an individual residing in the State of Texas. Nader Sheshtawy has answered and made an appearance herein.

5. Defendant, Hanya Sustacho, is an individual residing in the State of Texas. Hanya Sustacho has answered and made an appearance herein.

6. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 37.006, the Defendants herein identified constitute all of the persons known by Plaintiffs to have or claim an interest that would be affected by the declarations sought herein.

### Jurisdiction and Venue

7. In accordance with the laws of the State of Texas, this Court has jurisdiction over the parties and subject matter of this suit, and this action may be properly maintained in this county as an ancillary matter to Cause Number 407499 under Local Rule 2.6. The specific jurisdictional facts giving rise to this Court's authority to adjudicate these claims are set forth below and are incorporated herein by reference as if fully set forth at length.

### Basis for Suit

8. At the time of Adel Sheshtawy's death, a divorce proceeding, filed by Valentina on August 4, 2010, was pending in Cause Number 2010-48274 in the 247th District Court of Harris County, Texas. In accordance with that filing, Plaintiffs asserted and assert herein an informal marriage between Valentina and Adel existed at the time of Adel's death pursuant to TEXAS FAMILY CODE §2.401. In September 2005, the parties agreed to be married, afterwards

2

they lived together as husband and wife, and held themselves out to the public in Texas as husband and wife. Plaintiffs request the Court render a declaratory judgment establishing the validity of the informal marriage between Valentina and Adel.

### Costs and Attorney's Fees

9. Plaintiffs have been required to obtain the services of the undersigned attorneys to prosecute this suit. Pursuant to Section 37.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiffs are entitled to collect costs and reasonable and necessary attorney's fees incurred in connection with the prosecution of this case. Accordingly, Plaintiffs plead for costs and all attorney's fees reasonable and necessary for the trial of this case and any appeal thereof.

### Prayer

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiffs pray the Court render a declaratory judgment establishing the relationship between Valentina Spassova Tassova Sheshtawy and Adel Sheshtawy was a valid and recognizable informal marriage. In addition, Plaintiffs pray for costs of court, attorney's fees and for such other and all further relief to which they may be justly entitled.

Respectfully submitted,

DONATO, MINX, BROWN & POOL, P.C.

By _____
Aaron Pool
State Bar No. 16115400
Misty L. McDonald
State Bar No. 24075830
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
713.877.1112
713.877.1138 (Fax)
ATTORNEYS FOR PLAINTIFFS

FILED
2013 JAN #2 AM 10:04
COUNTY CLERK
HARRIS COUNTY, TEXAS

3

123320 1 4: 0900: P0072

0130201 3: 1194: P008

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2013, a true and correct copy of the above and foregoing has been served by facsimile transmission on the following counsel:

Sarah Patel Pacheco                        Via Fax: 713-658-1921
CAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010

Mr. Michael Fuqua                          Via Fax: 713-960-1064
FUQUA & ASSOCIATES
5005 Riverway, Suite 250
Houston, Texas 77056



Misty L. McDonald

4

**22**

FILED
12/19/2014 12:32:58 PM
Stan Stanart
County Clerk
Harris County



DATA ENTRY
PICK UP THIS DATE     PROBATE COURT 1

CAUSE NO. 407,199,201 ~406
407499~406

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |
| VALENTINA SPASSOVA TASSEVA SHESHTAWY | § | |
| VS. | § | |
| ADEL SHESHTAWY, NADER SHESHTAWY, HANYA SUSTACHE AND FARQUK SHESHTAWY | § | |

**NADER SHESHTAWY AND HANYA SUSTACHE'S ORIGINAL ANSWER AND COUNTERCLAIM TO VALENTINA SPASSOVA TASSEVA'S FIRST AMENDED PETITION FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Nader Sheshtawy and Hanya Sustache ("Respondents") file their Original Answer and Counterclaim to Valentina Spassova Tasseva's First Amended Petition for Declaratory Judgment, and would show the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1. Respondents understand that discovery in this lawsuit is intended to be conducted under Level 2, pursuant to Texas Rules of Civil Procedure 190.1 and 190.3.

**II.**
**GENERAL DENIAL**

2. At this time, Respondents assert a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, to each and every, all and singular, allegation contained in Petitioner Valentina Spassova Tasseva's ("Petitioner") First Amended Petition for Declaratory

**ITEM 7**

**23**

Judgment and respectfully request that the Court and jury require Petitioner to prove her claims, charges, and allegations by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### III.
### AFFIRMATIVE DEFENSES AND OTHER ADDITIONAL DEFENSES

3. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the doctrine of unclean hands.

4. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the doctrine of estoppel, including quasi-estoppel, collateral estoppel and equitable estoppel.

5. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the doctrine of laches.

6. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the failure to meet the requirements of Family Code Section 2.401.

7. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the doctrine of release.

8. Pleading further and without waiving the foregoing, Petitioner's claims are barred, in whole or in part, by the terms of the premarital agreement between Adel Sheshtawy, Deceased ("Decedent") and Petitioner.

### IV.
### COUNTERCLAIM – REQUEST FOR DECLARATORY JUDGMENT

9. Respondents re-allege and incorporate by reference the foregoing paragraphs into each cause of action listed below.

122320 1 4: 0900: P0058

10. Under the Uniform Declaratory Judgments Act, any party can request a court to "declare the rights, status and other legal relations" of the parties. TEX. CIV. PRAC. & REM. CODE §37.003(a). In addition to declaratory relief, the court may also award costs and reasonable and necessary attorneys' fees as are "equitable and just."

11. Pursuant to Texas Family Code Section 4.105, Respondents request a declaration that the Premarital Agreement between Decedent and Petitioner, dated October 20, 2005 ("Agreement"), is valid and enforceable. The Agreement is attached hereto as Exhibit A and incorporated by reference.

### A. *Legal Authority*

12. Section 4.102 of the Texas Family Code states that parties "may partition or exchange between themselves all or part of their community property, then existing or to be acquired, as the spouses may desire." TEX. FAM. CODE §4.102; *see also* TEX. CONST. ART. 16 §15.

13. Section 4.006 of the Texas Family Code provides:

(a) A premarital agreement is not enforceable if the party against whom enforcement is requested proves that:
(1) the party did not sign the agreement voluntarily; or
(2) the agreement was unconscionable when it was signed and, before execution of the agreement, that party:
(A) was not provided a fair and reasonable disclosure of the property or financial obligations of the other party;
(B) did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided; and
(C) did not have, or reasonably could not have had, adequate knowledge of the property or financial obligations of the other party.

(b) An issue of unconscionability of a partition or exchange agreement shall be decided by the court as a matter of law.

073414000003
376 - 71280071

3

(c) The remedies and defenses in this section are the exclusive remedies or defenses, including common law remedies or defenses.

TEX. FAM. CODE §4.006.

14. Section 4.105 of the Texas Family Code states:

(a) A partition or exchange agreement is not enforceable if the party against whom enforcement is requested proves that:
(1) the party did not sign the agreement voluntarily; or
(2) the agreement was unconscionable when it was signed and, before execution of the agreement, that party:
(A) was not provided a fair and reasonable disclosure of the property or financial obligations of the other party;
(B) did not voluntarily and expressly waive, in writing, any right to disclosure of the property or financial obligations of the other party beyond the disclosure provided; and
(C) did not have, or reasonably could not have had, adequate knowledge of the property or financial obligations of the other party.

(b) An issue of unconscionability of a partition or exchange agreement shall be decided by the court as a matter of law.

(c) The remedies and defenses in this section are the exclusive remedies or defenses, including common law remedies or defenses.

TEX. FAM. CODE §4.105.

B.  *The Agreement was signed voluntarily and was not unconscionable when signed*

15. The Agreement was voluntarily signed by both Decedent and Petitioner on or about October 26, 2005.

16. Prior to signing the Agreement, both parties had fair and reasonable disclosure as to the property and financial obligations of the other party.

17. Petitioner has acknowledged signing the Agreement.

18. Petitioner has also testified as to the date she claims to have been married to Decedent.

4

122320 14:0900:P0060

**C.** *Conclusion*

19. Petitioner and Decedent entered into an Agreement voluntarily and with full knowledge of their alleged spouse's property and obligations.

20. By granting the declaratory relief sought by Respondents, this Court will clarify a pending dispute as to the parties' ownership rights pursuant to the alleged informal marriage between Decedent and Petitioner.

### V.
### REQUEST FOR ATTORNEY'S FEES

21. As a result of the foregoing, Respondents had to retain the undersigned attorneys to represent them in this action. Respondents have brought this declaratory judgment in good faith and, therefore, are entitled to recover their reasonable and necessary attorneys' fees. Pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, Respondents request that their attorneys' fees, expert fees, expenses and costs be assessed against Petitioner or as the fact finder determines to be appropriate. TEX. CIV. PRAC. & REM. CODE §37.009.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondents Nader Shoshtawy and Hanya Sustacho pray that Petitioner take nothing by her First Amended Petition for Declaratory Judgment; that judgment be rendered in favor of Respondents as set forth in their Counterclaim; that Respondents be awarded attorneys' fees, expenses, costs of court, prejudgment and postjudgment interest; and any such other and further relief to which Respondents may show themselves justly entitled.

5

27

1232014:0900:P0061

91TB2013:1340:P0135

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.



By: _____
SARAH PATEL PACHECO
State Bar No. 00788164
KATHLEEN TANNER BEDUZE
State Bar No. 24052205
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 Facsimile

Attorneys for Nader Sheshtawy and Hanya Sustanhe

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all counsel of record as follows:

Mr. Michael Fuqua
Fuqua & Associates
5005 Riverway, Suite 250
Houston, Texas 77056
713-960-1064 (Facsimile)

Jason Pool / Misty McDonald
DeAnto, Minx, Brown & Pool, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
713-877-1138 (Facsimile)

by electronic delivery and/or facsimile on this the 16th day of January, 2013.

_____
Kathleen Tanner Beduze

073414/056003
376-7323904

6

9/26/05

## PREMARITAL AGREEMENT

This Premarital Agreement is made by Valentina Tasseva, Future Wife and Adel Shoshtawy, Future Husband. We are not now married, and we are making this agreement to set out in writing our understandings concerning the marriage we contemplate entering. We agree as follows:

1.  Intent

It is our desire that conflicts regarding financial matters be minimized in our planned marriage, and this agreement is intended to prevent such conflicts. We both desire to make this agreement before we are married.

2.  Prior Marriages and Children

Adel Shoshtawy has previously been married and has two (2) children, Nader A. Shoshtawy and Hanya I. Shoshtawy.

Valentina Tasseva has previously been married and has one (1) child, Nikolay Tassev.

3.  Disclosure

Each of us has provided fair and reasonable disclosure of our property, including its value, and financial obligations to the other party. Each of us has offered to provide and has provided to the other party all information pertaining to our property and its value and our financial obligations that has been requested by the other party. Each of us has voluntarily and expressly waived any right to further disclosure of the property, including its value, or financial obligations of the other party. Further, each of us has or reasonably could have had adequate knowledge of the property and financial obligations of the other party.

4.  Confirmation of Separate Property

(a)  Separate Property of Future Husband. All property owned by Adel Shoshtawy at the time of marriage is to remain his separate property including any income or additions to the property in any form or fashion.

(b)  Separate Property of Future Wife. All property owned by Valentina Tasseva at the time of marriage is to remain her separate property including any income or additions to the property in any form or fashion.



Exhibit B
Cause No. 2010-18774
Motion for Partial Summary Judgment

EXHIBIT A

VS 000056

**5. Earnings and Income**

(a) <u>Income or Property Derived from Separate Property</u>. All the income or property (whether from personal effort or otherwise) arising from the separate property owned at the date of our marriage by either of us, or that may later be acquired, shall be the separate property of the owner of the separate property that generated that income, increase, property, or revenue.

(b) <u>Earnings</u>. All salary earnings, and other compensations for personal services or labor received or receivable by either of us, now or in the future, shall be the separate property of the party who performed the services or labor and received or is due to receive the salary or other compensation.

**6. Liabilities**

All liabilities and obligations (contingent and absolute) of either of us that exist at the date of our marriage shall be enforceable against and discharged from the separate property of the party who incurred the particular liability or obligation and shall not be enforceable against or dischargeable from the property of the other.

**7. Future Property**

All property that we acquire during our marriage is hereby portioned and exchanged as follows:

(a) <u>Jointly Owned Property</u>. It is our intent that during our marriage we will from time to time by mutual agreement have the opportunity to acquire jointly owned separate property but not own any community property. Any jointly owned property will be jointly owned by our respective separate estates. Any property that is acquired by either of us during marriage regardless of the source of the consideration exchanged for the property, will be owned only as separate property of the party in whose name the title is taken and will be free of any claim of reimbursement on the part of the other. If the evidence of title reflects both our names, that property will be owned by us jointly as tenants in common on behalf of our respective separate estates.

If there is no evidence of title to the property, the property will be the separate property of the party who provided the consideration for acquisition of

2

V. T.

VS 000057

the property. If it is not possible to determine which party provided the consideration for the acquisition of the property, it will be owned by us jointly as tenants in common on behalf of our respective separate estates.

(b) _Credit Purchases._ Any property purchased on credit will be the separate property of the party in whose name the title is taken. If there is no evidence of title, the party to whom the credit was extended shall own the property as his or her separate property and be solely responsible for paying any purchase-money indebtedness with that party's separate funds. If title to the property is taken in both our names, that property will be owned by us jointly as tenants in common on behalf of our respective separate estates. We shall both be responsible for paying any purchase-money indebtedness on this jointly owned property with our respective separate funds.

(c) _Joint Accounts._ It is anticipated that during our marriage we will create one or more accounts in financial institutions in joint name in which we may put various personal earnings and from which each party will have the right to draw money for ordinary and customary living expenses. Any funds in this account will be owned by each of us in equal undivided separate-property interests.

8. _Reimbursement_

Any payment or contribution by one of us to satisfy the debts or otherwise benefit the separate estate of the other shall not give rise claim for reimbursement or an interest in any property purchased with those payments or contributions (including time, toil, and talent) unless we otherwise agree in writing. Any right of reimbursement that may arise during our marriage for contribution (including time, toil, and talent) is made by one for the benefit of the other shall be presumed to be a gift to the other party's separate estate.

9. _Dissolution of Marriage_

When our marriage is dissolved by divorce, each party shall receive the following:

(a) all separate property belonging to that party and

(b) all that property that would be the party's separate property if the parties had not married. Each party waives any homestead rights that party could assert in the other party's separate property.

V.T.

3

VS 000058

This agreement regarding disposition of our property in the event of divorce is made pursuant to section 5.43(a)(3) of the Texas Family Code.

10. If there are children from the marriage and in case of termination of the marriage or death of the husband, the wife will receive from the husband or the husband's separate state, as support for the children from the marriage the following:

$600 per month for one child

$800 per month for two children

$1000 a month for three children

The Children of the marriage's support will terminate when the children reach 18 years of age. This agreement regarding child support in event of divorce is made pursuant to section 154.125 (a)(b) of the Texas Family Code. The husband's separate state will pay college and medical cost of the children of that marriage.

11. In case of termination of the marriage, the wife and husband agree to joint custody of my children of the marriage.

12. General

(a) No Third-Party Beneficiary. This agreement is for our exclusive benefit and not for the benefit of any third party.

(b) Amendment. We reserve the right to amend or revoke this agreement, but any such amendment or revocation must be in writing and signed by both of us.

(c) Severability. If a part of this agreement is not enforceable, the rest of this agreement will be enforceable.

13. Representation by Attorneys

(a) Independent Counsel. Both of us was represented by independent counsel in connection with this agreement. Our respective attorneys

4

V.T.

VS 000059



have given each of us a detailed explanation of the terms of this agreement and the consequences of our decision to enter into this agreement.

(b) Full Understanding. We both acknowledge that we have carefully read and understand this agreement. We each understand that our marital rights and property may be adversely affected by this agreement.

14. Voluntary Execution of Agreement

We each acknowledge that we have carefully considered the consequences of our execution of this agreement. Having given careful consideration to those consequences, we, each voluntarily consent to this agreement in its entirety, without any reservation. Each of us hereby publicly represents to the other that our execution of this agreement is voluntary.

15. Execution

We sign this Premarital Agreement, in multiple originals of equal dignity, on the date and at the time indicated in our acknowledgements. The signing is after execution of the waiver of disclosure of financial information.

State of Texas

County of Harris

This instrument was acknowledged before me at _6/26/05_ o' clock _12:05_ m. on _oct 26/05_

By: _Adel Sherhita_

Notary Public State of Texas

This instrument was acknowledged before me at _9:10_ o' clock _p_ m. on _10/24/05_

V. T.

VS 000060



RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

VS 000061

34

FILED
12/19/2014 12:38:32 PM
Stan Stanart
County Clerk
Harris County

DATA ENTRY
PICK UP THIS DATE



407499-406

CAUSE NO. 401,499-401—

| | |
|---|---|
| IN THE ESTATE OF | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | NUMBER ONE (1) OF |
| DECEASED | HARRIS COUNTY, TEXAS |

VALENTINA SPASSOVA TASSEVA
SHESHTAWY

VS.

ADEL SHESHTAWY, NADER
SHESHTAWY, HANYA SUSTACHE
AND FAROUK SHESHTAWY

ORDER ON MOTION FOR APPOINTMENT OF ATTORNEY AD LITEM

On this day came on to be considered the Motion for Appointment of Attorney Ad Litem filed by Movant Nader Sheshtawy and Hanya Sustache, and, after considering the Motion, Response, and the arguments of counsel, the Court finds that Movants' Motion for Appointment of Attorney Ad Litem should be GRANTED. It is therefore,

ORDERED that ___ W. Cameron McCulloch ___, an attorney duly licensed to practice in the State of Texas and before this Court, is appointed to represent the interests of Lily Alexandra Sheshtawy, a Minor Child, in the above-referenced proceeding.

Signed this 22nd day of February, 2013.

JUDGE PRESIDING

Adopted this ___ day of March,

Judge Presiding

ITEM 8

**35**

APPROVED AS TO FORM:

CRAIN, CATON & JAMES, P.C.

By: _____
SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BROUZE
(TBA #24052205)
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
Facsimile (713) 658-1921

ATTORNEYS FOR WADEH ELSHEIKTAWY
AND HANYA EL FATACHE

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

2

DATA-ENTRY
407499-406 PICK UP THIS DATE

FILED
12/19/2014 1:13:14 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

No. 425,238

IN RE: GUARDIANSHIP OF § IN THE PROBATE COURT
THE ESTATE OF §
§ NO. ONE (1)
LILY ALEXANDRA SHESHTAWY, §
§
A MINOR § HARRIS COUNTY, TEXAS

## ORDER APPOINTING ATTORNEY AD LITEM

On this day came on to be considered the Motion to Appoint an Attorney Ad Litem to represent the interests of Lily Alexandra Sheshtawy in the matters pertaining to the Application for Appointment of Guardian of the Estate of Lily Alexandra Sheshtawy, a Minor, filed by Cameron McCulloch in his capacity as Attorney ad Litem pursuant to a court order under Cause No. 407-499-401; In the Estate of Adel Sheshtawy, Deceased; after considering the evidence, the Court finds that such Motion should be granted; and that this time it is in the best interest of the Lily Alexandra Sheshtawy that an Attorney Ad Litem be appointed in this Cause.

IT IS THEREFORE ORDERED that W. Cameron McCulloch, 713-622-2100, an attorney at law licensed to practice in Houston, Harris County, Texas, is hereby appointed as Attorney Ad Litem to represent the interests of Lily Alexandra Sheshtawy, a Minor, with respect to the Application for Appointment of Guardian of the Estate of Lily Alexandra Sheshtawy, filed herein by W. Cameron McCulloch in his capacity as Attorney ad Litem pursuant to a court order under Cause No. 407-499-401; In the Estate of Adel Sheshtawy, Deceased.

SIGNED on this the 23rd day of October, 2013.

_____
JUDGE PRESIDING

ITEM 9

**37**

APPROVED AS TO FORM:

LAW OFFICE OF SHARON C. STODGHILL,

BY: _____

JOHN T. ELLIOTT
State Bar No.: 24055444
SHARON C. STODGHILL
State Bar No.: 00785058
952 Echo Lane, Suite 330
Houston, Texas 77024
(713) 464-6412 (Telephone)
(713) 827-7483 (Facsimile)
john.elliott@teaslawyer.com

ATTORNEYS FOR VALENTINA SPASSOVA
SHESHTAWY

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

UNOFFICIAL COPY

EST. OF ADEL SHESHTAWY, DECEASED

407499-406

DATA-ENTRY
PICK UP THIS DATE

FILED
12/19/2014 1:23:27 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1



JAN-21-2014 10:09 From:7133605781     To:9713681981     Page:2/8

NO. 425,238

IN RE: GUARDIANSHIP OF           §       IN THE PROBATE COURT
THE ESTATE OF                      §
                                    §
LILY ALEXANDRA SHESHTAWY,     §       NUMBER ONE (1) OF
                                    §
A MINOR                          §       HARRIS COUNTY, TEXAS

**ORDER APPOINTING GUARDIAN OF THE ESTATE**

On this day, came on to be heard and considered by the Court the Application for Appointment of Permanent Guardian of the Estate of Lily Alexandra Sheshtawy filed by W. Cameron McCulloch in his capacity as the Attorney Ad Litem for Lily Alexandra Sheshtawy, the Joinder in Application for Appointment of Permanent Guardian of the Estate filed by Nader Sheshtawy and Hanya Sustache ("Sheshtawy Application"); the Joinder in Application for Appointment of Permanent Guardian of the Estate filed by Valentina Sheshtawy (a.k.a. - Valentina Spassova Tassova) (a.k.a. Valentina Spassova Sheshtawy) (hereinafter referred to as "Valentina Application") (hereinafter collectively referred to as the "Applications"). The Court, after considering the Applications, is of the opinion and finds the following:

1. That due notice of the Applications have been given as required by law;

2. That Lily Alexandra Sheshtawy (hereinafter referred to as the "Ward") is 5 years of age, born on April 18, 2008;

3. That the Ward has no legal guardian of her estate in the State of Texas;

4. That the Ward appeared in person, and by and through her Court appointed Attorney Ad Litem, W. Cameron McCulloch;

5. Valentina Sheshtawy (a.k.a. - Valentina Spassova Tassova) (a.k.a. Valentina Spassova Sheshtawy), Nader Sheshtawy and Hanya Sustache have consented to the Appointment of W. Cameron McCulloch as the Guardian of the Ward's Estate as evidenced by the Rule 11 and Settlement Agreement signed by the parties, including Applicant, and approved by this Court in cause number 407,499-401, styled *In re: Estate of Adel Sheshtawy, Deceased*;

6. Valentina Sheshtawy (a.k.a. - Valentina Spassova Tassova) (a.k.a. Valentina Spassova Sheshtawy), Nader Sheshtawy and Hanya Sustacho have agreed to waive any right they may have to be appointed as the Guardian of the Ward's Estate in favor of W. Cameron McCulloch as evidenced by the Rule 11 and Settlement Agreement signed by the parties, including Applicant, and approved by this Court in cause number 407,499-401, styled *In re: Estate of Adel Sheshtawy, Deceased*; and

7. Nader Sheshtawy and Hanya Sustacho have acted in good faith and with just cause in the filing of the Sheshtawy Application.

The Court, after considering the Application, is of the opinion and finds the following by clear and convincing evidence:

1. That the Ward is an incapacitated person based on her minority;

2. That it is in the best interest of the Ward to have the Court appoint a guardian for her estate; and

3. That the Ward's property will be protected by the appointment of a guardian for her estate.

The Court, after considering the Application, is of the opinion and finds the following by a preponderance of the evidence:

1. That the Court has venue over this matter under the provision of Section 1023.001 of the Texas Estates Code;

2. That the person to be appointed Guardian of the Ward's estate is eligible to act as Guardian, and is a proper person to act as Guardian; and

3. That the Ward is totally without capacity to manage her property.

It is therefore,

ORDERED, ADJUDGED, and DECREED, that W. CAMERON McCULLOCH is appointed to be the Permanent Guardian of Lily Alexandra Sheshtawy's Estate, and that Letters of Guardianship shall issue to W. CAMERON McCULLOCH upon his posting a bond in the sum of $13,000 payable and conditioned as required by law and taking the Oath of Office.

JAN-21-2014 18:10 From:7133506701          To:97136501921      Page:4/5

within twenty (20) days hereof, and the Clerk is hereby directed to issue Letters of Guardianship of the estate to Applicant when he has qualified according to law. It is further,

ORDERED, ADJUDGED and DECREED, that the guardianship of Lily Alexandra Sheshlawy's Estate shall be a guardianship with all of the duties, powers and limitations hereby granted to a guardian of the estate by the laws of the State of Texas. It is further,

ORDERED, ADJUDGED and DECREED, that the term of this guardianship shall be until Lily Alexandra Sheshlawy remains a minor as defined by Texas Estates Code Section 1002.019, subject to further orders of this Court.

Signed this the ____21ST____ day of ___January___, 2014.



_____
JUDGE PRESIDING

07133506701
130-19151301

APPROVED AS TO FORM:

CRAIN, CATON & JAMES　　　　　　　　　MACINTYRE MCCULLOCH
A Professional Corporation　　　　　　　STANFIELD & YOUNG

BY:_____　　　　　By:_____
　　SARAH PATEL PACHECO　　　　　　　　　CAMERON MCCULLOCH
　　(TBA #00788164)　　　　　　　　　　　(TBA #13499090)
　　KATHLEEN TANNER BEDUZE　　　　　　　2900 Wesleyan, Suite 150
　　(TBA #24052265)　　　　　　　　　　　Houston, TX 77027
　　1401 McKinney, Suite 1700　　　　　　(713) 572-2900
　　Houston, Texas 77010-4035　　　　　　(713) 572-2902 (Facsimile)
　　(713) 658-2323
　　(713) 658-1921 (Facsimile)　　　　　Attorney Ad Litem for Lily Sheshtawy

Attorneys for Nadar Sheshtawy and Hanya Bustache

LAW OFFICE OF SHARON C. STODGHILL

BY:_____
　　SHARON C. STODGHILL
　　(TBA #00785058)
　　JOHN T. ELLIOTT
　　(TBA #24055444)
　　952 Echo Lane, Suite 330
　　Houston, Texas 77010-4035
　　(713) 464-6412
　　(713) 827-7483 (Facsimile)

Attorneys for Valentina Spassova



**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
12/19/2014 1:29:39 PM
Stan Stanart
County Clerk
Harris County



PROBATE COURT 1

407499-406

CAUSE NO. 407,499

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**APPLICATION FOR SALE OF REAL PROPERTY**
**UNDER SECTION 341 OF THE PROBATE CODE**

TO THE HONORABLE JUDGE OF SAID COURT:

MICHAEL L. PUQUA, Temporary Administrator ("Administrator") of the Estate of Adel Sheshtawy, Deceased (the "Estate") files this Application for Sale of Real Property Pursuant to Section 341 of the Texas Probate Code, and Applicant herein, furnishes the following information to the Court:

1. The total value of the estate at the beginning of this accounting period was unknown as reported in the First Amended Preliminary Inventory and List of Claims filed by Temporary Administrator which was approved by the Court on March 7, 2012.

2. The Estate owns a 100% interest in the following tracts or parcels of land, including any improvements thereon. A full legal description of the real property sought to be sold is as follows:

LEGAL DESCRIPTION: LOT TWENTY-NINE (29), IN BLOCK TWO (2), OF LAKES ON ELDRIDGE NORTH SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 425020 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. MORE COMMONLY KNOWN AS:

12106 CABO BLANCO COURT, HOUSTON, TEXAS 77041

TOTAL VALUE:                $474,675.00[1]

3. A statement, verified by affidavit, showing fully in detail the condition of the Estate, the charges and claims that have been approved or established by suit or that have been rejected and may yet be established, the amount of each claim, the property of the Estate remaining on hand and

[1] Per Harris County appraisal District, January, 2013

C-POSTING    OCT 1 4 2013

ITEM 11

liable for the payment of such claims, and all other facts tending to show the necessity and advisability of this proposed sale, is attached to this Application, designated as Exhibit "A", and made a part hereof for all purposes.

4. It is necessary for the estate to sell the real property located at 12206 Cabo Blanco Court, Houston, Texas 77041, as evidenced by the Rule 11 & Settlement Agreement in the Cause No. 407,499-401 previously filed with this Court and approved on July 17, 2013.

5. Administrator would engage the services of Gary Barbles, a Licensed Texas Real Estate Broker #0161977 with Champions Real Estate Group, to represent the Estate in the sale of the Property.

6. Administrator filed an application for the appointment of an Independent Appraiser on October 14, 2013 which is currently pending approval.

7. It is necessary and advisable to sell the Estate's interest in the aforementioned property for the following reasons:

1. There exists one or more debts against the Estate;
2. Expenses of administration must be paid; and
3. The Property is subject to waste and deterioration.

8. Applicant believes it would be in the best interest of the Estate for the said property to be sold at a private sale to raise funds to provide for the payment of the numerous debts of the Estate, administration expenses and to reduce the Decedent's liability relating to the continued ownership of the Property. The Decedent was not married at the time of his death and the value herein reflects the decedent's separate interest for such property.

9. Applicant requests that citation be issued to all persons interested in the Estate, as required by law, and that, upon a hearing on this application, the Court enter an Order authorizing Applicant to (a) enter into a real estate listing agreement with Gary Barbles, a Licensed Texas Real Estate Broker with Champions Real Estate Group; and (b) sell the Estate's interest in the aforementioned property described in Exhibit "B" above at a private sale for cash, and such other orders as the Court may deem proper.

Michael L. Fuqua, Temporary Administrator

Respectfully submitted,

FUQUA & ASSOCIATES, P.C.

MICHAEL L. FUQUA
State Bar No.: 24055
5005 Riverway, Ste. 250
Houston, Texas 77056
(713) 960-0277 - Telephone
(713) 960-1064 - Facsimile
mlfuqua@fuqualegal.com
Attorneys for Temporary Administrator

123 2014:0900:P0042

TC15 2015:0832:P000

## CERTIFICATE OF SERVICE

I, Michael L. Fuqua, certify that a true and correct copy of the foregoing instrument has been forwarded to counsel listed below by facsimile, hand delivery, federal express, and/or certified mail, return receipt requested on this the 14th day of October 2013.

Bruce C. Tough
Diana Tough
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373

Counsel for Farouk Sheshtawy shareholder of Drilling Tools, Inc

Facsimile:  281.681-0809

Sarah Patel Pachaco
Kathleen Tanner Beduze
Crain, Caton & James, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77010

Counsel for Nader Sheshtawy and Hanya Sushache

Facsimile:  713.658-1921

Donald S. Worley
McDonald Worley PC
Michelle Eddington
1770 St James Place, Suite 100
Houston, Texas 77056

Counsel for Valentina Sheshtawy

Facsimile:  713.523-5501

James Stilwell
Maglin & Stilwell, LLP
1400 Woodloch Forest Dr., Ste 590
The Woodlands, Texas 77380

Counsel for Farouk Sheshtawy, Individual and Tri-Max Industries, Inc.

Facsimile:  281.419-0250

W. Cameron McCulloch, Jr
MacIntyre McCulloch
Stanfield Young, LLP
3900 Essex Lane
Houston, Texas 77027

Attorney Ad Litem for Lily Sheshtawy, minor child

Facsimile  713.572-2902

MICHAEL L. FUQUA

UNOFFICIAL COPY

46

12232014:0900:P0043

**EXHIBIT "A"**
**VERIFIED EXHIBIT SHOWING CONDITION OF THE ESTATE**

STATE OF TEXAS §

COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared MICHAEL L. FUQUA, Temporary Administrator, and after being duly sworn, stated that:

I.  MICHAEL L. FUQUA is the duly appointed and qualified Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, and in support of the Application For Sale of Real Property, submits this exhibit to the Court to show fully and in detail the condition of the Estate:

A.  Charges and claims that have been allowed as of the date of this application:

| | |
|---|---|
| Claim of MACY A. CASSIN, Attorney, Allowed as a Claim of the 8th Class, by this Court entered on 1/17/12 | $3,970.00 |
| Claim of Michael Fuqua, Attorney's fees and Expenses per court order of 2/20/12 | $31,419.30 |
| Claim of Michael Fuqua, Temporary Admin Compensation per court order of 4/19/13 | $8,055.00 |
| Promissory Note to Nader Sheshtawy per Court Order of 10/18/12 | $24,000.00 |
| Claim of Michael Fuqua, Attorney's fees and Expenses per court order of 5/14/13 | $36,586.09 |
| Secured Claim of Karen D. Poe, Attorney Order Approving Claim, 7/12/2013 | $7,082.46 |
| Promissory Note to Nader Sheshtawy per Court Order of 8/25/13 | $45,000.00 |

B.  Charges and claims that have been established by suit or that have been rejected and may yet be approved: The following claim against the Estate have been filed:

| | |
|---|---|
| Claim of ELLEN A. YARRELL, P.C. | $124,158.07 |

47



Claim of Valentina Spassova Tassova Sheshtawy    $6,870.00.

Claim of Samch Aly, Aly & Associates PLLC    $9,587.91

Claim of Harris County Municipal Utility District No 370    $5,097.85

Claim of Optidrill SA and Bryant, Oilfield Management & Sales, Inc.    $125,000.00

Claim of O'CONNOR & ASSOCIATES, L. P.    $335.42

C.    The following are potential claims which have not yet been filed and other potential claims that may not yet be known to the Temporary Administrator:

Claims for Administrator's fees, attorney fees and expenses
Credit card claims, if any, not yet presented
Ad Valorem taxes not yet assessed or certified

D.    The Property remaining on hand liable for the payment of the above charges and claims:
The Estate owns a 100% interest in the following property, more fully described as follows ("the Property"):

| | |
|---|---|
| Real Estate - See Schedule A | $ 474,675.00 |
| Mortgages, Notes & Cash — See Schedule B | $ 138,434.02 |
| Miscellaneous Property — See Schedule C | $ 9,000.00 |
| Corporations - See Schedule D | $ undetermined |
| Patents — See Schedule E | $ undetermined |
| Securities/Stocks — See Schedule F | $ 642.77 |
| Total Determined Property: | $ 622,751.79 |

E.    Applicant believes it would be in the best interest of the Estate to sell Decedent's 100% interest in the Property in order to raise funds to provide for the payment of the taxes and assessments on the property, along with payments of administration expenses and to reduce the Decedent's liability relating to the continued ownership of the Property.

---

[2] Estate real property: 11706 Highgrove Plat Amended Order Approved June 28, 2013. (Less $355.56 and costs and expenses of sale in the amount of $77,800.42). Confirmation of Sale for 11706 Highgrove Drive, Houston, Texas 77071, Ordered that Sale Signal deposit the amount of $137,555.14, signed July 22, 2013.

[3] Estate personal property: 2000 Ford F150 White, 2001 Dodge Ram 1500 SLT 4DR/ Red Double, 1991 Ford F150/Blue, Order to sell approved on June 14, 2013; Decree Confirming Sale of Personal Property for $4,200.00 entered July 13, 2013.

II. The sale sought in the foregoing Application for Sale of Real Property is necessary and advisable for the following reasons:

(1) There exists one or more debts against the Estate; and

(2) Expenses of administration must be paid.

(3) To protect said property from deterioration and waste.

Other facts tending to show necessity and advisability of the proposed sale are:

It is necessary for the estate to sell the real property located at 12206 Cabo Blanco Court, Houston, Texas 77041, as evidenced by the Rule 11 & Settlement Agreement in the Cause No. 407,499-401 previously filed with the Court and approved on July 17, 2013.

Respectfully submitted,



MICHAEL L. FUQUA, Temporary Administrator
of the Estate of Adel Sheshtawy, Deceased

STATE OF TEXAS

COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared MICHAEL L. FUQUA, the duly appointed, qualified, and acting Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, and having been duly sworn, upon his oath deposes and states that he has read the foregoing Verified Exhibit Showing the Condition of the Estate and that the statements contained therein are within his personal knowledge are true and correct.

MICHAEL L. FUQUA

SUBSCRIBED AND SWORN TO BEFORE ME BY MICHAEL L. FUQUA, on this the 14 day of October, 2013, to certify which witness my hand and seal of office.

Notary Public, State of Texas

122920 14:0900:P0046



### ESTATE OF ADEL SHESHTAWY

### REAL ESTATE

### SCHEDULE A

| Item No. | Description | Present Value |
|---|---|---|
| Separate Property | | |
| 1. | Real Estate | |
| A. | Lot 29, Block 2, Lakes on Eldridge North Section 1, more commonly known as: 12286 Cabo Blanco Ct., Houston, Texas 77041. Value Based on 2013 Harris County Appraisal District | $474,675.00 |

TOTAL SEPARATE REAL ESTATE $474,675.00

UNOFFICIAL COPY

123320140900:P0047

ESTATE OF ADEL SHESHTAWY

MORTGAGES NOTES & CASH

SCHEDULE B

| Item No. | Description | Present Value |
|---|---|---|

Separate Property

2. Mortgages, Notes & Cash

| | | |
|---|---|---|
| A. | Harris County Clerk<br>styled: Estate of Adel Sheshtawy, Deceased | $ 137,555.14 |
| B. | Bank of Texas Account #...9488<br>styled: Estate of Adel Sheshtawy | $878.88 |
| C. | Chase JP Morgan Bank, N.A., Checking Account #...0521<br>styled: Adel Sheshtawy | unknown |

TOTAL KNOWN SEPARATE MORTGAGES, NOTES AND CASH   $138,404.02

UNOFFICIAL COPY

51

1223201 4:0900: P0048

ESTATE OF ADEL SHESHTAWY

MISCELLANEOUS PROPERTY

SCHEDULE C

| Item No. | Description | Present Value |
|----------|-------------|---------------|

Separate Property

3.  Miscellaneous Property

    A.  Household furnishings, personal items located at: 12605 Cabo Blanco Court, Houston, Texas 77041 — $4,000.00

    B.  Household furnishings, personal items located at: 6324 Cunningham, Houston, Texas 77041 — $5,000.00

    TOTAL ASCERTAINABLE SEPARATE MISCELLANEOUS PROPERTY — $9,000.00



ESTATE OF ADEL SHESHTAWY

CORPORATIONS

SCHEDULE D

| Item No. | Description | Present Value |
|----------|-------------|---------------|
| Separate Property | | |
| 4. Corporations | | |
| A. | Ownership interest in Tri-Max Industries, Inc. | Undetermined |
| B. | Ownership interest in Drill Bit Industries, Inc. | Undetermined |
| C. | Ownership interest in Drill Tools (DTI), Inc. | Undetermined |
| D. | Ownership interest in ASZ Investments, Inc. | Undetermined |
| | TOTAL SEPARATE CORPORATIONS | Undetermined |

UNOFFICIAL Copy

1223014:0080:P0050



**ESTATE OF ADEL SHESHTAWY**

**PATENTS**

**SCHEDULE E**

| Item No. | Description | Present Value |
|---|---|---|
| Separate Property: | | |
| 5. | Patents | |
| A. | Canadian Patent No. 2,289,367 <br> Drilling Tool with Extendable Elements | Undetermined |
| B. | Great Britain Patent No. GB2344607 <br> Drilling Tool with Extendable Elements | Undetermined |
| C. | United States Patent No. 7,703,534 <br> Underwater Seafloor Drilling Rig | Undetermined |
| D. | United States Patent No. 6,189,631B1 <br> Drilling Tool with Extendable Elements | Undetermined |
| E. | United States Patent No. 3,937,278 <br> Self-propelling apparatus for well logging tools | Undetermined |
| | TOTAL SEPARATE PATENTS | Undetermined |

12/23/2014: 0900: P0051



ESTATE OF ADEL SHESHTAWY

SECURITIES, STOCKS & BONDS

SCHEDULE F

| Item No. | Description | Present Value |
|---|---|---|
| | Separate Property: | |
| 6. | Securities, Stocks & Bonds | |
| A. | British Petroleum (BP) 17 Shares @ $37.81/share | $642.77 |
| B. | SEMISUB, INC (California Corporation) 50,000 Shares Authorized Capital Stock Share #113 dated October 10, 2008 | Undetermined |
| C. | Tri-Max Industries Inc.: -Stock No. 5, Shares 20,000 dated January 1, 1994 | Undetermined |
| | -Stock No. 6, Shares 20,000 dated January 1, 1994 | Undetermined |
| | -Stock No. 7, Shares 20,000 dated January 1, 1994 | |
| | TOTAL SEPARATE SECURITIES, STOCKS & BONDS | $642.77 |

55

FILED
12/19/2014 2:35:15 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

**DATA ENTRY**
**PICK UP THIS DATE**

407499-406

**PROBATE COURT 1**

CAUSE NO. 407,499

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**NOTICE OF SUBMISSION**

To all parties and their respective attorneys of Record:

Please take notice that the foregoing Application for Sale of Real Property will be considered on submission after the return date unless a hearing is requested by a party to this estate on or before the return date.

Respectfully submitted,

FUQUA & ASSOCIATES, P.C.

By: _____
Michael L. Fuqua
State Bar No. 24055311
5005 Riverway, Ste 250
Houston, Texas 77056
Telephone (713) 960-0277
Telecopier (713) 960-1064
TEMPORARY ADMINISTRATOR
For the Estate of Adel Sheshtawy

**ITEM 12**

**56**

## CERTIFICATE OF SERVICE

I, Michael L. Fuqua, certify that a true and correct copy of the foregoing instrument has been forwarded to counsel listed below by facsimile, hand delivery, federal express, and/or certified mail, return receipt requested on this the 14th day of October 2013.

Bruce C. Tough
Dinna Tough
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373

*Counsel for Farouk Sheshtawy shareholder of Drilling Tools, Inc*

*Facsimile:* 281.681-0809

Sarah Patel Pacheco
Kathleen Tanner Beduze
Crain, Caton & James, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77010

*Counsel for Nader Sheshtawy and Hanya Sushache*

*Facsimile:* 713.658-1921

Donald S. Worley
McDonald Worley PC
Michelle Eddington
1770 St James Place, Suite 100
Houston, Texas 77056

*Counsel for Valentina Sheshtawy*

*Facsimile:* 713.523-5501

James Stilwell
Martin & Stilwell, LLP
1400 Woodloch Forest Dr., Ste 590
The Woodlands, Texas 77380

*Counsel for Farouk Sheshtawy, Individual and Tri-Max Industries, Inc.*

*Facsimile:* 281.419-9250

W. Cameron McCulloch, Jr
MacIntyre McCulloch
Stanfield Young, LLP
3900 Essex Lane
Houston, Texas 77027

*Attorney Ad Litem for Lily Sheshtawy, minor child*

*Facsimile* 713.572-2902

_____
MICHAEL L. FUQUA

-2-

FILED
12/19/2014 2:39:42 PM
Stan Stanart
County Clerk
Harris County

DATA ENTRY
PICK UP THIS DATE



407499-406

CAUSE NO. 407,499 ——

IN THE ESTATE OF

ADEL SHESHTAWY,

DECEASED

IN THE PROBATE COURT

NUMBER ONE (1) OF

HARRIS COUNTY, TEXAS

### ORDER OF SALE OF REAL PROPERTY

On this day, the Court heard the Application For Sale of Real Property Pursuant to Section 341 of the Texas Probate Code, filed by Michael L. Fuqua the Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, on August 8, 2011.

The Court finds that it has jurisdiction and venue of the subject matter of this proceeding and jurisdiction of all parties interested in this Estate and all other persons of whom jurisdiction is required under the law. The Court further finds that:

A. Citation has been issued and served as required by law

B. Applicant is requesting authority to sell the following real property:

LEGAL DESCRIPTION:

LOT TWENTY-NINE (29), IN BLOCK TWO (2), OF LAKES ON ELDRIDGE NORTH SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 425020 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

MORE COMMONLY KNOWN AS:

12206 CADO BLANCO COURT, HOUSTON, TEXAS 77041

TOTAL VALUE:          $474,675.0

C. The Application including the incorporated verified exhibit showing the condition of the Estate meets all requirements of law;

D. The sale will be made for a fair and sufficient consideration and on fair terms, and will be properly made in conformity with law;

E. It is in the best interest of the Estate to sell Decedent's interest in said Property in order to provide for the payment of administration expenses, allowed and approved claims against the Estate, to maintain the Estate Property and to reduce Decedent's liability relating

00013



to the Property, and it is necessary for the estate to sell said Property, as evidenced by the Rule 11 & Settlement Agreement in the Cause No. 429-401 approved by this Court on July 17, 2013;

F.    The general bond of Administrator in the amount of $250,000.00 is sufficient as required by law at this time, but will be reviewed at the time the Report of Sale is filed; and

G.    The Application is in all respects sufficient and the sale should be made as requested.

IT IS THEREFORE ORDERED that Administrator is authorized to (a) enter into a real estate broker's listing agreement with Gary Barbin, a licensed Texas Real Estate Broker #0161977 with Champions Real Estate Group for a commission to be paid no greater than 6% of the sales price of the property, and (b) sell the property described in the attached Exhibit "B" by Special Warranty Deed at a private sale for cash.

IT IS FURTHER ORDERED that no additional bond shall be required of Administrator at this time, and that after the sale has been made, a Report of Sale shall be filed and returned in accordance with law.

SIGNED this 31st day of _____, 2013.

JUDGE PRESIDING

APPROVED AS TO FORM:

FUQUA & ASSOCIATES, P.C.

Michael L. Fuqua
State Bar Number 24085511
5005 Riverway, Ste. 250
Houston, Texas 77056
713-960-0277
713-960-1064 facsimile
Temporary Administrator

FILED
NOV 04 2013
STAN STANART
COUNTY CLERK, HARRIS CO., TEXAS
BY_____ DEPUTY

EXHIBIT "B"

LEGAL DESCRIPTION: LOT TWENTY-NINE (29), IN BLOCK TWO (2), OF LAKES ON ELDRIDGE NORTH SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 425020 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

MORE COMMONLY KNOWN AS:

12206 CABO BLANCO COURT, HOUSTON, TEXAS 77041

UNOFFICIAL COPY

60

FILED
12/19/2014 2:50:32 PM
Stan Stanart
County Clerk
Harris County



DATA ENTRY
PICK UP THIS DATE

No. 407,499—  407499-406

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY | § | NO. ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**MOTION FOR REHEARING AND TO
SET ASIDE ORDER OF SALE OF REAL PROPERTY**

TO THIS HONORABLE COURT:

LILY ALEXANDRA SHESHTAWY; by and through her next friend, VALENTINA SPASSOVA SHESHTAWY ("Movant") files this Motion for Rehearing and to Set Aside Order of Sale of Real Property, and in support thereof, shows the Court as follows:

A.   BACKGROUND

1.   Lily Alexandra Sheshtawy ("Lily Sheshtawy") is an heir to the Estate of Adel Sheshtawy, Deceased and the Decedent's only minor child.

2.   Lily Sheshtawy lived in the family's homestead at 12206 Cabo Blanco Court, Houston, Texas 77041 with her mother, Valentina Spassova Sheshtawy and father, Adel Sheshtawy, prior to Adel Sheshtawy's death. Lily Sheshtawy is still living in the homestead.

3.   Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased filed an Application for Sale of Real Property on October 14, 2013 purportedly based on a Rule 11 & Settlement Agreement in Cause No. 407,499-401 (the "Settlement Agreement"). A copy of the Rule 11 and Settlement Agreement is attached hereto and incorporated herein as Exhibit "A." However, Mr. Michael L. Fuqua, Temporary Administrator was not a party to the Settlement Agreement. This Court signed an Order of Sale of Real Property on October 31, 2013.

**ITEM 14**

**61**

4. Movant objects to the Sale of Real Property because it is her homestead and she has not waived her homestead rights as provided by the Constitution and laws of Texas. Movant has filed an Application and Order to Set Aside Exempt Property contemporaneously with this Motion.

**B.     LILY SHESHTAWY'S HOMESTEAD RIGHT**

5. Texas Estates Code section 353.051, formerly Texas Probate Code section 271 provides that following the approval of the inventory, appraisement and list of claims, "the court by order shall set aside the homestead for the use and benefit of the decedent's surviving spouse and *minor children*." TEX. EST. CODE §353.051(a)(1) (emphasis added). Lily Sheshtawy has not waived her homestead rights. To the extent certain parties attempted to enter into a settlement agreement to sell the homestead property under Cause No. 407,499-401, Movant will show that she along with Michael E. Fuqua, Temporary Administrator were not a party to that agreement. Mr. W. Cameron McCulloch, allegedly acting as Attorney ad Litem for Lily Alexandra Sheshtawy, purportedly attempted to execute the Settlement Agreement on Lily Sheshtawy's behalf. However, W. Cameron McCulloch in his alleged capacity as attorney ad litem did not have legal authority to enter into a settlement agreement on Lily Sheshtawy's behalf or waive Lily Sheshtawy's homestead rights.

**C.     SALE OF REAL PROPERTY CONFLICTS WITH TERMS OF SETTLEMENT AGREEMENT**

6. Even if the terms of the Settlement Agreement were binding on Lily Sheshtawy which Movant denies, the terms of the Settlement Agreement conflict with the Temporary Administrator's attempt to sell the real property. The Settlement Agreement provides that Mr. McCulloch will seek to distribute the Cabo Bianco Property to himself as Lily Sheshtawy's Guardian subject to the terms of the agreement. *See* Section 3.1 (b) of the Settlement Agreement. The Settlement Agreement does not provide that the Cabo Bianco Property would be sold by the Temporary Administrator inside of the

estate. Because the application to sell real property was allegedly based on the terms of the purported Settlement Agreement and the terms of the purported Settlement Agreement did not provide for the Temporary Administrator to sell the property inside of the estate, the Order of Sale of Real Property should be set aside.

D. REQUESTED RELIEF

7. Movant has a homestead right in the property that is subject to the Application for Sale of Real Property and her homestead rights have not been waived. Movant filed an Application to Set Aside Exempt Property contemporaneously with this Motion. Based on the foregoing, Movant requests that the court set aside the Order of Sale of Real Property.

WHEREFORE, Movant LILY ALEXANDRA SHISHTAWY, by and through her next friend, VALENTINA SPASSOVA SHISHTAWY requests that the Court (i) set aside and/or grant a motion for rehearing on the Order of Sale of Real Property, and (ii) any other relief, at law or in equity, to which she is entitled.



Respectfully submitted,

LAW OFFICE OF SHARON C. STODGHILL

BY: _____
JOHN T. ELLIOTT
State Bar No.: 24055444
SHARON C. STODGHILL
State Bar No.: 00785058
952 Hoho Lane, Suite 930
Houston, Texas 77024
(713) 464-6412 (Telephone)
(713) 827-7483 (Facsimile)
john.elliott@uoslawyer.com

ATTORNEYS FOR LILY ALEXANDRA
SHESHTAWY, A MINOR, BY AND
THROUGH NEXT FRIEND, VALENTINA
SPASSOVA SHESHTAWY

64



## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing instrument was forwarded by hand delivery, certified mail, return receipt requested and/or facsimile transmission, to counsel of record indicated below, on this ___ 10th ___ day of January 2014:

Mr. Michael L. Fuqua            *VIA FACSIMILE*
Fuqua & Associates, P.C.
5005 Riverway, Suite 250
Houston, Texas 77056
Fax: 713-960-1064

*Temporary Administrator*

Ms. Sarah Patel Pacheco           *VIA FACSIMILE*
and Kathleen Tanner Beduze
Crain Caton & James, PC
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
Fax: (713) 658-1921

*Attorneys for Nader Sheshtawy & Hanya Sustachs*

Mr. Cameron McCulloch          *VIA FACSIMILE*
MacIntyre McCulloch Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027
Fax: (713) 572-2902

*Courtesy copy*

_____
JOHN T. ELLIOTT

12232014:0912:P0071

07113201411825:P0014

C77120143:1429:P0077



CAUSE NO. 407,353,401

| IN THE ESTATE OF | IN THE PROBATE COURT |
| ADEL SHESHTAWY, | NUMBER ONE (1) OF |
| DECEASED | HARRIS COUNTY, TEXAS |

VALENTINA SPASSOVA TASSEVA
SHESHTAWY

VS.

ADEL SHESHTAWY, NADER
SHESHTAWY, HANYA SUSTACHE
AND FAROUK SHESHTAWY

### RULE 11 AND FINAL SETTLEMENT AGREEMENT

THIS RULE 11 AND FINAL SETTLEMENT AGREEMENT ("this Agreement") is made and entered into by and among the Parties as defined in this Agreement.

**Article I: Definitions**

1.1 The Parties to this Settlement Agreement are defined as follows:

    a. The term "Valentina" shall refer to Valentina Spassova Tasseva a/k/a Valentina Spassova Sheshtawy.

    b. The term "Lily" shall refer to Lily Sheshtawy, minor child of Valentina Spassova Tasseva a/k/a Valentina Spassova Tasseva Sheshtawy, acting by and through her attorney ad litem Jeaneen McCulloch.

    c. The term "Nader" shall refer to Nader Sheshtawy.

    d. The term "Hanya" shall refer to Hanya Sustache.

1.2 The terms "Affiliate" or "Affiliates" of the person or entity designated shall refer to such person in their individual capacity and such person or entity's spouse (including a former or future spouse), assigns, trustees, employees, and accountants.

1.3 The term "Agreement" shall refer to this Rule 11 and Final Settlement Agreement.

1.4 The term "Effective Date" shall refer to the date the last Party signs this Agreement.

EXHIBIT
A



COPY

1.5 The term "Cabo Blanco Property" shall refer to the property commonly known as 12205 Cabo Blanco Court, Houston, Texas 77041.

1.6 The term "Adel's Estate" shall refer to the Estate of Adel Sheshtawy, including, but not limited to, all assets passing under the Last Will and Testament of Adel Sheshtawy, and admitted to probate in cause number 407,499.

1.7 The term "Claims" shall refer to and include any and all claims, causes of action, debts, demands, actions, costs, expenses, losses, damages, charges, challenges, contests, liabilities, penalties, agreements, deceptive practice claims, claims in equity, suits, and all other obligations and liabilities of whatsoever nature KNOWN and UNKNOWN, fixed or contingent, liquidated or unliquidated, anticipated or unanticipated, at law or in equity, for any type of relief or redress, including but not limited to money damages, whether founded on contract, tort (including but not limited to tortious interference with inheritance rights, conversion, fraud, tax issues, undue influence, false representation, conscious indifference, reckless disregard, and/or malicious conduct), fiduciary duty, NEGLIGENCE, gross negligence, intentional infliction of emotional distress, reimbursement, breach of fiduciary duty to disclose material information, indebtedness, FRAUDULENT INDUCEMENT, and any other ground, whether or not asserted, which any person has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of the Agreement relating to Nader Hanya, and Lawsuit, Adel's Estate, including any claims of ... THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW.

1.8 The term "Lawsuit" shall refer to the above referenced lawsuit pending under Cause Number 407,499-401; In the Estate of Adel Sheshtawy; In Probate Court No. 1 of Harris County, Texas, including, but not limited to, the pending petition filed by Valentina and counterclaims filed by Nader and Hanya.

1.9 The terms "the Parties" or "the Parties hereto" shall collectively refer to Valentina, Nader, Lily, and Hanya.

1.10 The term a "Party" shall refer to any one of Valentina, Nader, Lily and Hanya.

1.11 The term "Temporary Administrator" shall refer to Michael Faqua, as Temporary Administrator of Adel's Estate.

### Article II: Recitals

WHEREAS, Adel died on August 8, 2011.

WHEREAS, after Adel's death, Valentina filed the Lawsuit alleging she was the common law spouse of Adel.

2

LOST VERSION

WHEREAS, after the Lawsuit was filed, Nader and Hanya filed a counterclaim seeking to enforce a premarital agreement executed by Adel and Valentina.

WHEREAS, certain differences, controversies, and Claims have arisen by and between the Parties relating to Valentina's claims in the Lawsuit and to assets of Adel's Estate;

WHEREAS, this Agreement is made to completely settle and compromise all differences, controversies, and Claims by Valentina;

WHEREAS, the Parties have determined that it is in their respective best interests to settle and terminate all Claims by Valentina;

WHEREAS, by executing this Agreement, no Party hereto concedes any legal or factual contentions of the other Party, but specifically denies same and enters into this Agreement solely to terminate and settle the Claims between themselves in an effort to minimize costs, expenses, attorneys' fees, and, most of all, to buy peace.

### Article III; Agreements

For and in consideration of the premises, the mutual agreements and the terms hereunder, the sufficiency of which consideration is hereby mutually acknowledged, the Parties to this Agreement hereby agree as follows:

3.1 Settlement of Lawsuit

a. Valentina will receive the sum of $60,015,000 in full and final settlement of all her Claims to be paid as set forth below:

b. Nader will lend the sum of $45,000 to Temporary Administrator, subject to the following terms and conditions:

1. Temporary Administrator will immediately pay the sum of $45,000 to Valentina, from which she will use approximately $20,000 to purchase a reliable car to transport Lily; and

2. Nader will be repaid the loan amount from the proceeds of the sale of the Cabo Blanco Property provided if sufficient assets of Adel's Estate are available prior to such sale & the due course of administration such loan shall be paid from such assets.

ii) The Cabo Blanco Property will be sold and Valentina will be paid the balance due of $100,000 from the sale proceeds at closing.

iii) All payments to Valentina in this Agreement will be paid jointly to Valentina and McDonald Worley, P.C.

c. Cameron McCulloch will be appointed as permanent guardian of Lily's Estate, pending the sale of the Cabo Blanco Property and the ability to create a guardianship management trust for Lily. Valentina will cooperate with Cameron McCulloch in all necessary filings and waive in favor of his appointment.

3

1232014:0912:P0074

01(1532014:1822):P007



Cameron McCulloch, as Guardian for Lily's Estate will seek to distribute the Cabo Blanco Property, to himself as Lily's Guardian, subject to the terms of this Agreement. Cameron McCulloch, as Guardian for Lily's Estate will promptly sell the Cabo Blanco Property and, after the payments in this Agreement, seek to purchase a new homestead for Lily and use any proceeds pending the purchase for short term suitable housing for Lily and Valentina. The purchase price of the new home will not exceed $150,000, contingent upon Valentina establishing that she can pay the monthly expenses, insurance, taxes, HOA and routine maintenance of the property.

c. Valentina and Lily will continue to reside in the Cabo Blanco Property until the property is sold. Valentina agrees to cooperate with Cameron McCulloch to expedite the sale of the Cabo Blanco Property, including executing such documents at closing to allow for the closing of the sale and compliance with the terms of this Agreement.

d. The parties agree to confirm they will not interfere with Valentina receiving social security pending for herself and Lily and hereby indicate that they are not opposed to any of benefits, to the extent not currently being paid, to reinstated.

e. The parties will submit a joint motion to dismiss all remaining claims in the Litigation with prejudice. Nothing herein will be deemed to dismiss Hanya, Nader and Lily's claim to the assets of Adel's Estate.

f. The Parties acknowledge and agree that this Agreement is intended to settle all Claims by Valentina to Adel's Estate and/or against Nader and/or Hanya including to any assets of Adel's Estate, the Cabo Blanco Property, any companies and/or assets of any of them. An indemnity will be entered determining Hanya, Nader and Lily as Adel's sole heirs.

g. The parties will enter into such additional agreements as are reasonable or necessary to finalize the terms of this Agreement.

h. The parties agree to withdraw any objection in the payment of the taxes and HOA fees of the Cabo Blanco Property outstanding to date from the proceeds of Highgrove.

3.2 Release Of Claims

a. Save and except for the express obligations under the terms of this Agreement, Valentina does hereby forever release and discharge Temporary Administrator, Adel's Estate, Lily, Nader and Hanya, individually and in all fiduciary capacities, and all of their predecessors, successors and affiliates of and from any and all Claims including, but not limited to any claims to any assets or alleged assets of Adel's Estate.

b. Save and except for the express obligations under the terms of this Agreement, the Hanya and Nader does hereby forever release and discharge Valentina of and from any and all Claims.

0804000H-44701

123 2014:09:2:P0075

0113 2014:1925:P0018

0717 2014:1925:P0075



3.3 Family Unification Clause

a. Nickel and Henry seek to maintain a relationship with Lily and Valentina agrees to work with Lily and Cameron McCulloch in a good faith effort to establish visits to maintain that relationship.

3.4 Representations And Warranties

a. Each Party hereby acknowledges, represents and warrants to each of the other Parties, as follows:

iv) That he or she is the current legal and beneficial owner of all of the Claims released hereby, as well as the Claims asserted by him or her orally or in written form with respect to any litigation he or she could have brought with respect to matters covered by this Agreement, including the Claims;

v) That he or she has not assigned, pledged or contracted to assign or pledge to any person, firm or entity any interest he or she may have in the Claims;

vi) That the terms and provisions of this Agreement are valid, binding and enforceable against himself or herself, any such Party's successors and affiliates;

vii) That he or she is adequately represented by competent counsel of his or her choosing in connection with the execution and delivery of this Agreement and in any and all matters relating thereto, or has voluntarily waived such right to seek the advice of a legal advisor;

viii) That he or she is not under any form of legal disability or incapacity at the time he or she executes this Agreement;

b) That Sarah Patel Pickering and the law firm of Craig, Caton & Janek, P.C., solely represent Nickel and Henry and does not and has never represented any other Party and has not provided any other Party legal advice or services, or made any representation to any other Party;

z) That Donald Worley, solely represents Valentina and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party;

xi) That W. Cameron McCulloch, Jr. solely represents Lily and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party;

5

1/23/2014:0912:P0076



xii) That in executing this Agreement, each Party has relied upon his or her own judgment and the advice of his or her own attorneys, and further, that he or she has not been induced to sign or execute this Agreement by promises, agreements or representations not expressly stated herein, and he or she has freely and willingly executed this Agreement and expressly disclaims reliance upon any facts, promises, undertakings, or representations made by any other Party, or by such Party's Affiliates;

xiii) That the consent of each Party to this Agreement was not procured, obtained or induced by improper conduct, undue influence or duress;

xiv) That such Party either (i) has knowledge of all relevant and material information and facts and has been fully informed, including by advice of counsel, concerning the existence of potential Claims or any other Party, including other additional affirmative or defensive Claims, arising from all matters known to him or her and arising during the period of negotiations leading to and culminating in the execution by him or her of this Agreement, in order for him or her to make an informed and considered decision to enter into this Agreement, and/or (ii) specifically and after advice of counsel is waiving (a) any right to obtain the demand, and (b) any obligation of any other Party;

xv) That he or she is not in a significantly superior bargaining position with regard to any other Party.

b. Each Party understands and agrees that each other Party has relied upon these representations and warranties in entering into this Agreement.

3.5 Miscellaneous Provisions

a. Parties Bound. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective Affiliates and Successors.

b. Party's Attorney's Fees and Expenses Incurred in Dale. Except as provided under this Agreement, each Party hereby agrees to be responsible for his or her own respective attorney's fees, costs, and expenses through the date of this Agreement, including their respective attorney's fees, costs, and expenses necessary and/or incurred in the effectuation of this Agreement.

c. Attorney's Fees and Remedies for Breach of Agreement. The Parties agree that if it becomes necessary to assert any claim to enforce or defend the provisions of this Agreement, the prevailing Party shall be entitled to recover reasonable attorney's fees and other related litigation expenses from the non-prevailing Party.

d. No Oral Modification. No amendment, modification, waiver, or consent with respect to any provision of any of this Agreement shall be effective unless the

6



01132014:0925:P0020
07172014:1351:P0067
1293014:0912:P0077

same shall be in writing and signed by the Party or Parties hereto against whom enforcement of the amendment, modification, waiver or consent is sought.

e. Counterparts. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute a single instrument. This Agreement shall only be binding when one or more counterparts hereof, individually or taken together, shall bear all signatures of the Parties hereto reflected hereon as signatories.

f. Choice of Law. This Agreement shall be governed pursuant to the laws of the State of Texas.

g. Choice of Venue. Harris County, Texas shall be the appropriate and exclusive venue for any suit arising out of this Agreement.

h. Assignment. This Agreement and the rights and obligations of the Parties hereto shall not be assigned or delegated by any Party hereto without the prior written consent of the other Parties hereof.

i. Incorporation. All Exhibits attached hereto are hereby incorporated by reference in this Agreement for all purposes set forth there.

j. Headings. The paragraph headings and sub-headings used herein are for descriptive purposes only. The headings have no substantive meaning and the terms of this Agreement shall not be affected by such headings.

k. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES HERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL OR WRITTEN AGREEMENTS BETWEEN OR AMONG TWO OR MORE OF THE PARTIES HERETO. EACH PARTY WAIVES ANY CLAIMS THAT HE OR SHE WAS FRAUDULENTLY INDUCED TO ENTER INTO THIS AGREEMENT.

7



Yahoo Inc. Tivo Sec. ...

PARTIES:

_Valentina Spasova Shekkaryi_
Valentina Spasova Tsaeva a/k/a Valentina
Spasova Shekkaryi, in all capacities

W. Cameron McCulloch, Sr., as Attorney ad litem
for Lily Shekkaryi, a minor child

Nader Shekkaryi

Hatym Shekkaryi

73

1232014:0912:P0079



STATE OF TEXAS §

COUNTY OF _HARRIS_ §

This instrument was acknowledged before me, this ___ day of _May_, 2013, by, Valentina Spassova Tzarova a/k/a Valentina Spassova Tzarova Shceklarny in the capacities therein stated.

_____
NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS §

COUNTY OF _HARRIS_ §

This instrument was acknowledged before me, this ___ day of _May_, 2013, by, W. Cameron McCulloch, Jr., as Attorney Ad Litem for Billy Shceklarny, a minor child.

_____
NOTARY PUBLIC, STATE OF TEXAS

9



STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me, this 27th day of May, 2013, by, Nader Shadravan.

NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me, this 27th day of May, 2013, by, Henya Shadravan.

NOTARY PUBLIC, STATE OF TEXAS

RECORDER'S MEMORANDUM
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
12/19/2014 2:54:22 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

DATA ENTRY
PICK UP THIS DATE

DATA ENTRY
PICK UP THIS DATE

407499-406

FILED
2/10/2014 12:04:18 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

CAUSE NO. 407,499-

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

### RULE 12 MOTION TO SHOW AUTHORITY

Movants Nader Sheshtawy and Hmya Sustacha (collectively, "Movants") file this their Motion Pursuant to Rule 12 of the Texas Rules of Civil Procedure requesting the Court to require John T. Elliott and the Law Office of Sharon C. Stodghill to show authority to act on behalf of Lily Alexander Sheshtawy, a minor child, in the above-referenced proceeding. In support thereof, Movants show as follows:

1. On October 8, 2013, Movants filed an Application to Appoint Independent Co-Administrators, Alternatively, Dependent Co-Administrators ("Application").

2. On October 25, 2013, W. Cameron McCulloch was appointed Attorney Ad Litem to represent the interests of Lily Alexandra Sheshtawy, a minor child ("Lily"), in the instant proceeding.

3. On December 10, 2013, Movants were appointed Dependent Co-Administrators of the Estate.

4. On December 13, 2013, John T. Elliott ("Mr. Elliott") and the Law Office of Sharon C. Stodghill, purporting to act at the direction of Valentina Spassova Tasseva a/k/a Valentina Spassova Sheshtawy, as next friend of Lily ("Valentina"), filed their Opposition to Movants' Application and Cross-Application for Letters of Administration.

5. On January 21, 2014, W. Cameron McCulloch was appointed Guardian of Lily's Estate. See January 21, 2014 Order, attached hereto as Exhibit A and incorporated by this

ITEM 15

**76**

reference.

6. On January 30, 2014, Mr. McCulloch duly qualified as Guardian of Lily's Estate and Letters of Guardianship were subsequently issued.

7. Mr. McCulloch, as Guardian of Lily's Estate, is the sole person with authority to act on behalf of and represent the interests of Lily in the instant proceeding. Accordingly, Mr. Elliott is prosecuting this case without the lawful authority of Lily.

8. Pursuant to Rule 12 of the Texas Rules of Civil Procedure, Movants request that this Court require Mr. Elliott and the Law Office of Sharon C. Stodghill to show sufficient authority to appear and defend their authority to act on behalf of Lily in contesting the Application. TEX. R. CIV. P. 12.

9. Should Mr. Elliott and the Law Office of Sharon C. Stodghill fail to show such authority, Movants further request that this Court (1) refuse to permit Mr. Elliott and the Law Office of Sharon C. Stodghill to continue to appear in this cause and represent Valentina, and (2) to strike their pleadings.

WHEREFORE, PREMISES CONSIDERED, Movants Nader Sheshtawy and Hanya Surtaeha request that this Court:

(i) set this matter for hearing;

(ii) require Mr. Elliott and the Law Office of Sharon C. Stodghill to show their authority to represent Valentina Spassova Tasseva a/k/a Valentina Spassova Sheshtawy, as next friend of Lily, in this proceeding;

(iii) strike their pleadings should Mr. Elliott and the Law Office of Sharon C. Stodghill fail to show sufficient authority; and

(iv) award such other and further relief to which Movants may show themselves justly entitled.

2



Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: _Kathleen Tann Beduze_
SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BEDUZE
(TBA #24052205)
1401 McKinney, Suite 1700
Houston, Texas 77010-4035
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Nader Sheshtawy and
Hanya Swalacha*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to:

Mr. W. Cameron McCulloch, Jr.
MacIntyre, McCulloch, Stanfield, Young, LLP
3900 Essex Lane, Suite 220
Houston, Texas 77027
(713) 572-2902 (Facsimile)
*Guardian Ad Litem for Lily A. Sheshtawy*

Mr. John T. Elliott
Ms. Sharon C. Stodghill
952 Echo Lane, Suite 330
Houston, TX 77024
*Attorney for Valentina Spassova Tassova*

Mr. Michael Puqua
Puqua & Associates
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-1064 (Facsimile)
*Temporary Administrator*

by facsimile and/or e-file on February 10, 2014.

_Kathleen Tann Beduze_
KATHLEEN TANNER BEDUZE

3

## VERIFICATION

THE STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned Notary Public, on this day personally appeared Kathleen Tanner Beduze, who being by me duly sworn on his oath deposed and said that she has read the above and foregoing motion, and that every statement contained therein is within her personal knowledge and is true and correct.

KATHLEEN TANNER BEDUZE

SWORN TO AND SUBSCRIBED BEFORE ME on the 11th day of February 2014.

DEB B MANUEL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
APRIL 28, 2016

Notary Public in and for the State of Texas

4

DATA ENTRY
PICK UP THIS DATE

PROBATE COURT 1



407499-406          PROBATE COURT 1

CAUSE NO. 407,499

IN THE ESTATE OF          §          IN THE PROBATE COURT

ADEL SHESHTAWY,          §          NUMBER ONE (1) OF

DECEASED          §          HARRIS COUNTY, TEXAS

**ORDER GRANTING RULE 12 MOTION TO SHOW AUTHORITY**

On this day came on to be considered the Motion Pursuant to Rule 12 of the Texas Rules of Civil Procedure, filed by Nader Sheshtawy and Hanya Sustacho. After considering the Motion, any responses, the pleadings, and the arguments of counsel, the Court finds that the Motion Pursuant to Rule 12 of the Texas Rules of Civil Procedure, filed by Nader Sheshtawy and Hanya Sustacho, should be GRANTED. It is therefore,

ORDERED that John T. Elliott and the Law Office of Sharon C. Stodghill have no authority to act on behalf of Lily Alexandra Sheshtawy, by and through her next friend, Valentina Spassova Sheshtawy a/k/a Valentina Spassova Tasseva, in this proceeding. It is further,

ORDERED that any pleadings filed by John T. Elliott and the Law Office of Sharon C. Stodghill, allegedly on behalf of Lily Alexandra Sheshtawy, by and through her next friend, Valentina Spassova Sheshtawy a/k/a Valentina Spassova Tasseva, are stricken.

Signed this 3rd day of March, 2014.

JUDGE PRESIDING

**ITEM 16**

**80**



APPROVED AS TO FORM:

CRAIN, CATON & JAMES, P.C.

By _____

SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BEDUZE
(TBA #24052205)
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
Facsimile (713) 658-1921

*ATTORNEYS FOR NADER SHESHTAWY*
*AND HANYA SUSTACHE*

2

UNOFFICIAL COPY

FILED
12/19/2014 3:08:21 PM
Stan Stanart
County Clerk
Harris County

**DATA ENTRY**
**PICK UP THIS DATE**

407499-406

PROBATE COURT 1

NO. 407,499

| IN THE ESTATE OF | § | IN PROBATE COURT |
| ADEL SHESHTAWY, | § | NO. ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

### APPLICATION FOR AUTHORITY TO BORROW FUNDS AND EXECUTE PROMISSORY NOTE

TO PROBATE COURT NO. ONE:

Michael L. Fuqua, Temporary Administrator ("Administrator") of the Estate of Adel Sheshtawy, Deceased, ("Applicant"), files this Application for Authority to Borrow Funds and Execute Promissory Note, and would show the Court as follows:

This Application is made pursuant to Section 1329 of the Texas Probate Code, in particular, subparagraphs (b) and (c). Applicant therefore respectfully requests the Clerk of this Court to issue and cause to be posted a citation to interested persons, stating the nature of this Application and requiring such persons, if they chose to do so, to appear to show cause, if any, why this application should not be granted.

A. PROCEDURAL BACKGROUND.

1. On October 13, 2011, Michael L. Fuqua was appointed as Temporary Administrator ("Administrator) pending Contest in the Estate of Adel Sheshtawy, Deceased ("Decedent").

2. Letters of Temporary Administration (the "Letters") were issued to the Administrator on October 17, 2011.

3. The First Amended Preliminary Inventory and List of Claims filed by Temporary

ITEM 17

82

Administrator which was approved by the Court on March 7, 2012. The First Annual Accounting filed by Temporary Administrator was approved by the Court on April 4, 3013.

4. Administrator has been charged with the duty of gathering, collecting and preserving the assets of the estate and taking possession and control of all of Decedent's real and personal property and personal and financial records.

5. Valentina Sheshtawy filed a Petition with this Court under Cause No. 407,499-401 alleging she was the common law spouse of Adel Sheshtawy.

6. On or about May 28, 2013, a settlement was reached in this matter between Valentina Sheshtawy, W. Cameron McCulloch, as Attorney Ad Litem for Lily Sheshtawy, a minor child, Nader Shestawy and Hanya Susienie. As one of the conditions of settlement, Nader Sheshtawy agreed to loan the Temporary Administrator the sum of $45,000.00, to be paid to Valentina Sheshtawy.

7. On July 17, 2013 this Court entered an Order granting the parties Application for Approval of Rule 11 and Settlement Agreement.

### B. NECESSITY OF LOAN

8. During the administration of the Estate, Administrator has reviewed the books, records and assets of the Estate and has concluded that the Estate's income and receipts are not sufficient to provide for a $45,000.00 payment to Valentina Sheshtawy.

9. However, Decedent's ownership in substantial assets of the Estate, including the Companies which were controlled by and operated by Decedent at the time of his death, is contested and Administrator believes the sale of such business related assets will not occur

2

without protracted litigation.

10. As it will take some time to sell Estate assets to provide liquidity, it is necessary to borrow funds to provide for the payment to Valentina Sheshtawy.

## B. AUTHORITY TO BORROW MONEY

11. Pursuant to Texas Probate Code Section 329(a), any real or personal property of an estate may be mortgaged or pledged by deed of trust or otherwise as security for indebtedness, under order of the court, when necessary for any of the following purposes:

(1) For the payment of any ad valorem, income, gift, estate, inheritance, or transfer taxes upon the transfer of an estate or due from a decedent or the estate, regardless of whether such taxes are assessed by a state, or any of its political subdivisions, or by the federal government or by a foreign country; or

(2) For payment of expenses of administration, including sums necessary for operation of a business, farm or ranch owned by the estate; or

(3) For payment of claims allowed and approved, or established by suit, against the estate; or

(4) To renew and extend a valid existing lien.

12. As a condition of settlement the Estate will pay Valentina Sheshtawy in the amount of $45,000 and does not have sufficient liquid funds with which to satisfy this obligation.

13. Under the terms of settlement, Nader Sheshtawy, the son of the Deceased will loan to the Estate $45,000.00 to provide funds with which to pay to Valentina Sheshtawy to obtain a final settlement of all her Claims.

14. Therefore, Administrator requests authority to borrow the sum of $45,000.00 from Nader Sheshtawy and execute the proposed Promissory Note attached as *Exhibit A* and

3

incorporated by this reference. The annual interest rate is three percent (3%) and will be unsecured.

15. Administrator believes it is in the best interest of the Estate to (i) obtain the $45,000.00 loan and (ii) execute the proposed promissory note in the total amount of FORTY FIVE THOUSAND Dollars ($45,000.00), to pay towards the foregoing described Estate obligations.

WHEREFORE, PREMISES CONSIDERED, Applicant, Michael L. Fuqua, Temporary Administrator of Adel Sheshtawy, Deceased, makes this application for authority to borrow funds and execute notes pursuant to Section 329(b)(q) of the Texas Probate Code and respectfully requests that upon proper notice of this application this Court shall authorize the Administrator to (i) borrow money pursuant to Section 329(b)(o) of the Texas Probate Code in an amount sufficient for expenses of administration and Estate obligations described herein; (ii) execute a Promissory Note with Nader Sheshtawy in the amount of $45,000.00 and (iii) for such other and further relief to which Applicant may show himself justly entitled.

Respectfully submitted,

FUQUA & ASSOCIATES, P.C.

Michael L. Fuqua
(SBOT #24055511)
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277 - Telephone
(713) 960-1064 - Facsimile
TEMPORARY ADMINISTRATOR

4

NO. 407,499

| IN THE ESTATE OF | § | IN PROBATE COURT |
| ADEL SHESHTAWY, | § | NO. ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

<u>TEMPORARY ADMINISTRATOR'S AFFIDAVIT
IN SUPPORT OF APPLICATION FOR AUTHORITY TO BORROW FUNDS
AND EXECUTE PROMISSORY NOTE</u>

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, who being by me duly sworn on his oath deposed and said that he has read the above and foregoing Application for Authority to Borrow Funds and Execute Promissory Note that will be classified as a Class 2 Claim of the Estate, and that every statement contained therein is within his personal knowledge and is true and correct.

Michael L. Fuqua

SUBSCRIBED AND SWORN TO BEFORE ME on this 29th day of July, 2013, to certify which witness my hand and official seal.

NOTARY PUBLIC
STATE OF TEXAS
Printed Name: Sharon A. Connors
Commission Expires: 10-15-16

6

SHARON A. CONNORS
Notary Public, State of Texas
My Commission Expires
October 16, 2016

122320140912:P0055

NO302013:0807:P0027

## PROMISSORY NOTE

Date: _____, 2013

Borrower: Estate of Adel Sheshtawy, Deceased

Borrower's Mailing Address:

  Estate of Adel Sheshtawy, Deceased

  ¾ Michael L. Fuqua, Temporary Administrator

  5005 Riverway, Suite 250

  Houston, Texas 77056

Lender:   Nader Sheshtawy

Place for Payment:

Principal Amount:   $85,000.00

Annual Interest Rate:   Three Percent (3%)

Maturity Date:   August 1, 2014

Terms of Payment (principal and interest):

  Borrower promises to pay Lender the principal amount and accrued interest thereon on the Maturity Date.

Security for Payment:   None

Other Security for Payment:

  Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts.

  If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

F:\001_Client\Sheshtawy, Adel\Administration\Promissory NoteData.wpd   -1-



Draft
A

N 223014:0912:P0055

0:302013:0807:P0029

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate. Borrower will pay Lender these expenses and interest provided at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

ESTATE OF ADEL SHESHTAWY,
DECEASED

By: _____
Michael L. Fuqua,
Temporary Administrator

FILED
12/19/2014 3:19:59 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1



CAUSE NO. 407,499

IN THE ESTATE OF § IN THE PROBATE COURT
§
ADEL SHESHTAWY, § NUMBER ONE (1) OF
§
DECEASED § HARRIS COUNTY, TEXAS

**TEMPORARY ADMINISTRATOR'S NOTICE OF ORAL HEARING**

To all parties and their respective attorneys of Record:

You will take notice that APPLICATION FOR AUTHORITY TO BORROW FUNDS AND EXECUTE PROMISSORY NOTE in the above styled and numbered cause is set for oral hearing before the Court at 11:00 a.m. August 15, 2013 in the courtroom of the Probate Court Number One (1) of Harris County, Texas.

Respectfully submitted,

FUQUA & ASSOCIATES, P.C.

By: Michael L. Fuqua
State Bar No. 24056511
5005 Riverway, Ste 250
Houston, Texas 77056
Telephone (713) 960-0277
Telecopier (713) 960-1064
TEMPORARY ADMINISTRATOR
For the Estate of Adel Sheshtawy

-1-

ITEM 18

90

12/22/2014: 1508: P0045

07/30/2013: 0807: P0019

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2013, a true and correct copy of the above and foregoing document has been served, pursuant to the Texas Rules of Civil Procedure, on the following persons:

Ms. Sarah Patel Pacheco
Crain, Caton & James, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77010

*Counsel for Nader Sheshtawy and Hanya Suthacha*

Facsimile:    713.658.1921

W. Cameron McCulloch, Jr
MacIntyre McCulloch
Stanfield Young, LLP
3900 Essex Lane
Houston, Texas 77027

*Attorney Ad Litem for Lily Sheshtawy, minor child*

Facsimile    713.572-2902

Donald S. Worley
McDonald Worley PC
1770 St James Place, Suite 100
Houston, Texas 77056

*Counsel for Valentina Sheshtawy*

Facsimile:    713.523-5501

Bruce C. Tough
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373

*Counsel for Farouk Sheshtawy shareholder of Drilling Tools, Inc*

Facsimile:    281.681-0809

James Stilwell
Martin & Stilwell, LLP
1400 Woodloch Forest Dr., Ste 590
The Woodlands, Texas 77380

*Counsel for Farouk Sheshtawy, Individual and Tri-Max Industries, Inc.*

Facsimile:    281.419-0250

Michael L. Fuqua

-2-

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
12/19/2014 3:25:33 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1



DATA ENTRY
PICK UP THIS DATE

NO. 407,499

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN PROBATE COURT |
| ADEL SHESHTAWY, | § | NO. ONE (1) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**ORDER AUTHORIZING TEMPORARY ADMINISTRATOR TO BORROW FUNDS AND EXECUTE PROMISSORY NOTE**

On this day, the Court considered and heard the Application for Authority to Borrow Funds and Execute Promissory Note ("the Application"), which is incorporated by this reference, and to the salient provisions of which (including the defined terms therein, reference is hereby made) of Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased ("Administrator"); and the Court, after considering the Application, is of the opinion and finds that:

1. It has subject matter jurisdiction of this matter;

2. Proper notice of the Application has been given;

3. The Application is in all respects in order;

4. The Administrator should be authorized to borrow funds and execute promissory note to be treated as a class 2 claim, under the circumstances and conditions described in the Application.

It is therefore,

ORDERED that, Michael L. Fuqua, as Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, is authorized to borrow fund in the amount of $45,000.00 from Nader Sheshtawy and execute the Promissory Note attached as *Exhibit A* to the Application.

**ITEM 19**

SIGNED this the 21ST day of _August_, 2013.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

FUQUA & ASSOCIATES, P.C.

BY: _____
Michael L. Fuqua
(SBOT #24055511)
5005 Riverway, Suite 250
Houston, Texas 77056
713.960-0277 – Telephone
713.960-1064 – Facsimile

Temporary Administrator

2

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
12/19/2014 3:29:59 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

CAUSE NO. 407,499-406

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## BUSINESS RECORD AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared *Michael L. Fuqua*, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1.     "My name is Michael L. Fuqua. I am of sound mind and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2.     I am the court appointed Temporary Administrator in the *Estate of Adel Sheshtawy, Deceased,* pending under Cause Number 407,499 in Probate Court Number One of Harris County, Texas *(the "Estate").*

3.     Attached to this affidavit are two (2) pages of records from Temporary Administrator's books and records concerning the above referenced Estate.

4.     These records are kept by the Temporary Administrator of the Estate in the regular course of business, and it was the regular course of business of the administration of the Estate for an employee or representative of Temporary Administrator, with knowledge of the act, event, condition, opinion, or diagnosis that was recorded, to make this record or to transmit the information to be included in this record. The record was made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The records attached to this affidavit are the original or exact duplicates of the original.

Michael L. Fuqua

*F:\001_Clients\Sheshtawy, Adel\2014-24002 Valentina Homestead Lawsuit\APPEAL\AFF OF BUSINESS RECORDS.wpd*                    *1*

## ITEM 20

SUBSCRIBED AND SWORN TO BEFORE ME on the _19_ day of December, 2014, to certify which witness my hand and official seal.



TERI BURGESS
Notary Public, State of Texas
My Commission Expires
September 20, 2018

Notary Public, State of Texas
Printed Name: TERI BURGESS
Commission Expires: 09-20-18

122320141:0912:P0046

ADEL A SHESHTAWY, ESTATE
TEMP ADMIN MICHAEL FUQUA
6006 RIVERWAY DR. STE 250
HOUSTON, TX 77056

2037

9-19-13

Pay to the order of McDonald WORLEY, PC IOLTA Trust Acct. $ 45,000.⁰⁰

Forty-five thousand + ⁰⁰⁄₁₀₀ ————

BANK OF TEXAS

Promissory Note

⑈111014325⑈   ⑈488⑈ 2037

**96**

ADEL A SHESHTAWY ESTATE
MICHAEL LEE FUQUA EXECUTOR

PRIMARY ACCOUNT
9488

Statement Period:
09-19-13 to 10-18-13

Direct Inquiries To:
24-Hour ExpressBank
713-578-3500

Page 4 of 4

FREE CHECKING 2.0  9488



$ 480.48          2037     $ 45,000.00